De Witte and others, Appellants, vs. Kearney & Trecker Corporation and another, Respondents.

*October 7—November 3, 1953.*

For the appellants there was a brief by *Max Raskin,* and oral argument by *William F. Quick,* both of Milwaukee.

For the respondents there was a brief by *Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Francis X. Krembs* of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom.*

MARTIN, J.   We will first consider the question whether the complaint states the facts sufficient to constitute a cause of action.  In deciding this point it must be determined, first, whether the words used and the statements made are capable of the libelous meaning, and, second, whether such statements refer to some ascertained or ascertainable person.

Paragraphs "Fourth," "Fifth," and "Sixth" of the letter, which are particularly referred to in the complaint, contain the language "misconduct of the small group of officers of the EIU;" statements that such officers "misrepresented" the purpose of the union meeting; that they left in doubt the validity of the election and failed to discharge their duties as officers; that they "executed an underhanded maneuver" which resulted in the seizing of EIU funds by the UAW-CIO.  It is alleged in the complaint that such statements are false, that defendants knew or should have known they were false, that they were made with malicious intent, and injured the plaintiffs in their business and duties as officers of a labor union and held them up to the scorn, contempt, and ridicule of all the employees of the defendant corporation and the general public, injuring them in their reputations for honesty and fair dealing and their good standing as upright, trustworthy citizens in the community in which they live and work.

We must hold that the statements complained of are libelous *per se.*

"To render words libelous *per se* they must impute commission of a crime to the plaintiff or 'tend to degrade or disgrace the plaintiff generally, or to subject him to public distrust, ridicule, or contempt in the community where, as alleged, he had theretofore been regarded with high confidence and esteem. . . . Being printed, they need neither allege any crime nor apply to any particular business situation wherein he might be specially subject to injury.' *Scofield v. Milwaukee Free Press Co.* 126 Wis. 81, 85, 105 N. W. 227. In determining the meaning of the words involved, the court passes upon 'the mere capability of the libelous meaning. . . . Whether such meaning was in fact conveyed to the readers is a jury question.' *Scofield Case, supra,* p. 87; *Dabold v. Chronicle Publishing Co.* 107 Wis. 357, 362, 83 N. W. 639." *Judevine v. Benzies-Montanye Fuel & Whse. Co.* (1936), 222 Wis. 512, 517, 269 N. W. 295.

It is an elementary principle of the law of libel that certainty as to the person or persons defamed must appear from the words themselves. As stated in *Luthey v. Kronschnabl* (1942), 239 Wis. 375, 379, 1 N. W. (2d) 799:

". . . defamatory words are not libelous unless they refer to some ascertained or ascertainable person; and in order to entitle a plaintiff to recover in an action for libel he must be the particular ascertainable person to whom the libelous words do refer [citing cases] ; and such certainty as to the person who is defamed must appear from the words themselves, for no innuendo can render certain that which is uncertain."

In the instant case the words used in the letter are "*the* small group of officers of the EIU." The complaint states that for the entire period of time referred to in the letter, the four plaintiffs were the officers of the EIU. Four persons would certainly constitute a "small group" and the use of the word "the" denotes the *entire* group or *all* the officers. The persons who received the letter are all members of the union of which plaintiffs were the officers and it may be presumed they knew who their officers were. Under such

circumstances it requires no innuendo to identify the plaintiffs as constituting the small group of officers to whom the letter referred. The plaintiffs being definitely ascertainable as the persons to whom the defamatory statements referred, the complaint must be held sufficient in stating a cause of action by each. See annotations under "Public boards or groups of officers" in Anno. 97 A. L. R. 283, 287, 288.

Respondent cites *Arnold v. Ingram* (1913), 151 Wis. 438, 138 N. W. 111, where it was held that language referring to a ruling political clique' or, as stated in the opinion, "all officials," did not point to any ascertained or ascertainable person. Also cited is *Kassowitz v. Sentinel Co.* (1938), 226 Wis. 468, 471, 277 N. W. 177, where the language used, "there are a number of persons employed there, including part-time doctors, who are so-called arrested cases of tuberculosis," was held not to sufficiently identify the plaintiff, one of four part-time doctors, since it was not stated that all of such doctors were arrested cases of tuberculosis. Neither these cases, nor others cited by respondent, are applicable here.

Under the circumstances of this case, as pointed out above, plaintiffs are ascertainable as "the small group of officers." In fact, we can think of no plainer language that could have been employed in the letter, short of actually naming the individuals, to identify them as the officers referred to.

The other ground of the demurrer is that the complaint improperly unites nonjoinable causes of action, and on this question we must sustain the decision of the trial court.

We agree with plaintiffs that each has a cause of action in his own right, arising out of one and the same tort, but it does not follow that they may join their separate causes of action. Their interests are not joint. Neither have they sustained joint damage, as in the case of partners whose partnership business has been injured (*Noonan v. Orton* (1873), 32 Wis. 106).

The general rule is stated in 39 Am. Jur., Parties, p. 897, sec. 32:

"Persons who have separate and distinct interests or are separately affected by tortious acts of another cannot unite as plaintiffs in an action for injuries to such property or interests, but must bring separate actions."

With respect to libel actions it is stated, 33 Am. Jur., Libel and Slander, p. 182, sec. 192:

"It also seems to be an established rule that when a defamatory publication is directed toward a restricted subdivision of a particular class or against a comparatively small group or association of persons, such as a jury, a family, a society, a board of public officers, or the engineers of a particular company, *any individual member* thereof can maintain an action against the defamer."

Sec. 263.04, Stats., provides:

"The plaintiff may unite in the same complaint several causes of action, . . . But the causes of action so united must affect all the parties to the action. . . ."

Here the cause of action of one of these plaintiffs does not affect the others. His injuries are his own and are not dependent upon or related in any way to the injuries of the others. In *Wright v. Afro-American Co.* (1927), 152 Md. 587, 591, 592, 137 Atl. 273, 274, 275, 52 A. L. R. 908, a libel suit in which there were combined as parties plaintiff three individuals and a copartnership, the court said, quoting from 1 Poe's Pl. & Pr., sec. 425:

" 'As in the first of these classes of cases [injuries to the person, including wrongs to character], the injury is necessarily a separate one to each of the parties complaining, there can be no joinder of plaintiffs, but each individual should bring a separate action for his particular grievance. Thus, where two or more persons are injured by . . . slander or libel, it is error for them to unite as coplaintiffs in an action

against the wrongdoer. From the very nature of the wrong it must, of necessity, be a separate and distinct one to each, entitling each to separate compensation for his peculiar damage; for the wrong done to the one is no wrong at all to the other, and the extent of damage done to the one may be wholly different from that done to the other. . . . For the separate injury done to each, including his personal suffering, individual inconvenience, loss of credit, or wounded feelings, separate suits are required.' "

In the same opinion (p. 593):

"In Newell, on Slander & Libel (4th ed.), p. 342, it is said: 'It has always been held that when words are spoken of two or more persons, they cannot join in an action for the words because the wrong done to one is no wrong to the other. . . . For slanderous words spoken at the same time against several parties, a joint action cannot be maintained; each must seek a separate remedy.' "

We find no authority in sec. 260.12, Stats., to join separate causes of action for libel. This section clearly permits such joinder only in cases arising out of negligence.

*By the Court.*—Order affirmed in so far as it sustains the demurrer on the ground that several causes of action have been improperly united. Order reversed in so far as it sustains the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

FAIRCHILD, J., concurs in the result.