578 P.2d 323
**Fred W. POORBAUGH,**
**Petitioner-Appellant,**

v.

**NEW MEXICO REAL ESTATE COM-**
**MISSION, Respondent-Appellee.**

No. 11704.

Supreme Court of New Mexico.

May 3, 1978.

Rehearing Denied May 15, 1978.

Sutin, Thayer & Browne, Ronald J. Segel, Albuquerque, for petitioner-appellant.

Toney Anaya, Atty. Gen., Nicholas R. Gentry, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

PAYNE, Justice.

The New Mexico Real Estate Commission issued an order revoking Fred Poorbaugh's real estate license. The Commission found that Poorbaugh, while acting as a broker, made material misrepresentations to people with whom he dealt in buying and selling a piece of real estate. Poorbaugh sought review of the Commission's order in the district court. The district court upheld the Commission's decision. Poorbaugh appealed. We affirm in part and reverse in part.

Poorbaugh claims that the court erred in two areas. First, he asserts that the Commission did not have jurisdiction over the transactions in question and therefore could not revoke his license. We do not agree.

Section 67–24–20, N.M.S.A.1953 (Repl. 1974) of the Real Estate Brokers and Salesmen Act provides in pertinent part:

A real estate broker within the meaning of this act [67–24–19 to 67–24–35] is any person . . . who for a salary, fee, commission or valuable consideration lists, sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale

*or exchange of real estate . . . or advertises or holds himself out as being engaged in the business of buying, selling, exchanging . . . any real estate . . . as a whole or partial vocation.*

. . . . .

The provisions of this act shall not apply to any person . . . who as owner or lessor shall perform any of the aforesaid [acts] . . . . (Emphasis added.)

Poorbaugh argues that since he bought and sold the land for himself he was not acting as a "broker." Conversely, the Commission claims that because he represented to the buyer and seller that he was a broker, he was in fact a "broker" within the meaning of § 67–24–20 and therefore it had jurisdiction to revoke his license.

In interpreting § 67–24–20, we must read the statute as a whole, with each part construed in connection with all other parts. *Trujillo v. Romero,* 82 N.M. 301, 481 P.2d 89 (1971). Section 67–24–20 provides that a person who advertises or holds himself out as being engaged in the business of buying and selling real estate is a broker. The Commission found that Poorbaugh advertised that he was acting as a broker. It further found that while acting as a broker, Poorbaugh misrepresented his intentions and engaged in conduct that demonstrated bad faith and impropriety.

Section 67–24–29, N.M.S.A.1953 (Repl.1974) provides that the Commission can revoke a broker's license if, while engaged in any activity as a broker, he is guilty of any of the acts enumerated in the section. We hold that under the New Mexico statute if Poorbaugh represented to either the buyer or seller that he was acting as a broker, the Commission has jurisdiction. Whether Poorbaugh made such a representation is a factual determination to be made by the trier of fact. A licensed broker has the burden of showing that there is no possibility of misunderstanding or confusion as to his status when he purports to act for himself.

Poorbaugh also claims that the court erred in failing to give him a hearing *de novo.* The trial court ruled that the scope of review should be governed by the Uniform Licensing Act, § 67–26–20, N.M.S.A. 1953 (Repl.1974). We reverse on this issue.

In determining whether Poorbaugh is entitled to the hearing *de novo* in the district court, we must determine whether § 67–26–20 or § 67–24–30, N.M.S.A.1953 (Repl.1974) applies. Section 67–26–20 provides that the judge shall receive "no evidence not offered at the hearing." On the other hand, § 67–24–30 provides that a broker may appeal the decision of the Commission to a district court and the hearing in the district court "shall be tried *de novo.*"

We hold that § 67–24–30 is controlling. The Uniform Licensing Act, of which § 67–26–20 is a part, was adopted in 1957. It purports to govern reviews of many boards and commissions including the Real Estate Commission. The Real Estate Brokers and Salesmen Act, of which § 67–24–30 is a part, was adopted in 1959 and is specifically limited to governing the New Mexico Real Estate Commission. In the case of *State ex rel. Bird v. Apodaca,* 91 N.M. 279, 573 P.2d 213 (1977) we held that where statutes are in conflict with one another and one cannot be applied without doing violence to another, the specific provision should govern over the general. In *Bird* the Court also said, "when the Legislature enacts a new statute we presume that it intended to change the law as it previously existed." *Id.* at 284, 573 P.2d at 218. In passing the Real Estate Brokers and Salesmen Act the Legislature knew of the provisions of the Uniform Licensing Act. If the Legislature had intended appeals to the district court to be governed by the provisions of the Uniform Licensing Act it could have stated such or it could have said nothing. Instead it adopted § 67–24–30 which sets forth a different method for appeal.

The Commission argues that because the 1971 Legislature amended the Uniform Licensing Act by changing the New Mexico Real Estate Board to the New Mexico Real Estate Commission, the Legislature intend-

ed that the Uniform Licensing Act should control. We cannot agree. The Commission still follows the hearing procedures set forth in the Uniform Licensing Act. The only portion of that Act that is not applicable is § 67–26–20, dealing with appeals to the district court. The Legislature enacted § 67–24–30 to outline the procedure for reviewing the Commission's ruling.

This case must be remanded to the district court for a hearing *de novo* not inconsistent with this opinion.

IT IS SO ORDERED.

EASLEY and FEDERICI, JJ., concur.