653 P.2d 511
**Fred W. POORBAUGH,
Plaintiff-Counterdefendant,
Appellee Cross-Appellant,**

v.

**Leo M. MULLEN, Defendant-Counterclaimant, Appellant Cross-Appellee.**

**No. 5451.**

Court of Appeals of New Mexico.

Sept. 21, 1982.

Rehearing Denied Nov. 5, 1982.

Certiorari Denied Nov. 5, 1982.

Fred W. Poorbaugh, pro se.

Michael G. Rosenberg, Michael R. Rosenberg & Associates, P.C., Albuquerque, Winston Roberts-Hohl, Singleton & Roberts-Hohl, Santa Fe, for defendant-counterclaimant, appellant cross-appellee.

## OPINION

DONNELLY, Judge.

Plaintiff, Fred W. Poorbaugh (appellee), and defendant Leo M. Mullen (appellant), have each appealed judgments entered against them based upon jury verdicts on the complaint and counterclaim. The jury awarded appellee $50,000.00 actual damages and $10,000.00 punitive damages on appellee's claims of defamation stemming from a dispute between the parties over a real estate transaction. The jury also returned a verdict on appellant's counterclaim, awarding him $60,000.00 actual damages for constructive fraud arising from the same real estate transaction.

If allowed to stand on appeal, the judgments recovered below in favor of each party would exactly cancel each other out.

Appellee claims on his cross-appeal that (1) this court should set aside the award on the counterclaim because of the use of improperly secured evidence; (2) that the trial court erred in giving a jury instruction specifying the duties of a real estate broker; and (3) the court abused its discretion in failing to grant a judgment N.O.V. on the counterclaim.

Appellant alleges on his appeal that the trial court erred in: (1) refusing to grant judgment N.O.V. on appellee's defamation claims; and (2) the giving of a jury instruction on defamation.

This case was previously before us on appeal from an order of the trial court granting summary judgment in favor of the appellee and dismissing appellant's counterclaim. The facts that gave rise to the claims of the parties are set forth in our prior decision. *Poorbaugh v. Mullen,* 96 N.M. 598, 633 P.2d 706 (Ct.App.1981); *see also Poorbaugh v. New Mexico Real Estate Com'n,* 91 N.M. 622, 578 P.2d 323 (1978).

## I. POORBAUGH'S CROSS–APPEAL

### (A) *Claim of Improper Subpoena*

■ Appellee contends that this court should set aside appellant's recovery against him under the counterclaim because appellant was guilty of fraud and gross error in procuring and introducing certain documentary evidence at trial. Specifically, appellee contends that Mullen obtained appellant's Exhibits 6, 8, 9, 10 and 11 by means of an improper subpoena duces tecum served in April, 1981, upon Max M. Mansur, an officer of the Albuquerque Board of Realtors. The documents were used at trial in furtherance of appellant's counterclaim against appellee.

Appellee's brief contends that the subpoena was fraudulent because it bore neither the signature of the clerk of the district court nor the seal of the court and was issued after a court order closed further discovery. Appellee argues that these alleged improprieties in obtaining evidence require reversal of the judgment against him.

Appellee contends he first learned of the improper use of the subpoena after trial. His brief fails to pinpoint the date he first discovered this violation, but asserts it was after "jurisdiction had passed from the trial court." We presume this means after the case was on appeal.

Appellee has attached to his brief a copy of the subpoena duces tecum and an affidavit from the clerk of the Bernalillo County District Court. In it she states that she found no record of the subpoena in the court files in this case. The affidavit does not state that the subpoena was not in fact properly issued by the district court clerk.

Appellee's claim of error regarding the subpoena does not warrant reversal. Examination of the record regarding the items obtained under the subpoena indicates that appellee either concurred in the introduction of the evidence or as to other evidence obtained by the subpoena, objected to its admission and was sustained by the trial court.

■ Exhibit 6 was a copy of a letter, dated January 24, 1964, to appellee from Roger Cox, Chairman of the Albuquerque Multiple Listing Service and advising him that he had been fined $25.00 for listing property without a waiver. The letter was admitted into evidence at the request of appellant's attorney during his cross-examination of appellee. When appellant originally tendered the exhibit, appellee's attorney objected to its introduction and the court sustained the objection outside the presence of the jury. After laying further foundation, appellant's attorney again tendered the letter into evidence and the court announced it was admitted into evidence. After securing the admission of the exhibit, appellant's counsel apparently then had second thoughts about offering the document and sought to have it withdrawn from evidence. The following colloquy occurred outside the presence of the jury.

MR. ROSENBERG: Okay. I would like to withdraw it. May I do that?

MR. TAYLOR: Oh, no, Your Honor. He's already—

MR. HINES: You have admitted it. You offered it.

MR. TAYLOR: He's put it in front of the jury.

MR. ROSENBERG: Now, wait a minute.

MR. TAYLOR: He doesn't like what he's heard now, and he wants to take it out of the consideration of the jury. You can't do that, Your Honor.

MR. HINES: And you have ruled, Your Honor, that it's been admitted.

MR. ROSENBERG: I can withdraw it. It's my exhibit.

MR. HINES: He didn't offer to withdraw it before it was admitted. Now he's going to know what's going to happen to him on redirect, and he'd like to get it out of there, but it's in.

THE COURT: Yep. I'm afraid so, Mike.

MR. ROSENBERG: Okay. All right.

Since appellee's own attorney vigorously opposed the withdrawal of the exhibit from evidence, he will not be heard on appeal to object to the use of this evidence. Having had an opportunity to have this evidence

withdrawn from the jury's consideration and electing to resist this effort, appellee waived any error alleged in the admission of this exhibit. *See Beal v. Southern Union Gas Co.,* 66 N.M. 424, 349 P.2d 337 (1960).

Appellant's Exhibit 8 was a letter dated June 19, 1958 to appellee from Edward R. Dixon, Executive Vice President of the Albuquerque Board of Realtors, informing appellee that he was suspended from services of the board for 30 days due to some unspecified reason. Appellant's counsel offered the exhibit during cross-examination of appellee. Based on appellee's objection, the court *never* admitted the letter into evidence. Appellee neither asked the court to admonish the jury to disregard the letter, nor requested a cautionary instruction. No prejudice resulted from the proffer of this exhibit.

Appellant's Exhibit 9 was a letter to appellee from William C. Campbell, Jr., requesting that appellee comply with regulations, apparently of the Albuquerque Board of Realtors. This exhibit also was offered into evidence, but, upon objection from appellee's attorney, was never admitted into evidence.

Appellant's Exhibit 10 was a letter dated April 13, 1965, written by appellee to W.C. Campbell, Jr., in response to appellant's Exhibit No. 9. The court sustained appellee's attorney's objections to the letter on grounds of irrelevancy. It was not admitted into evidence, except for one sentence which appellee conceded writing and which he read into the record.

■ Appellant's Exhibit 11 was a note signed by appellee, dated March 21, 1975, and which read, "I request voluntary suspension from the Albuquerque Board of REALTORS, as of January 1, 1975." This exhibit was admitted into evidence without objection by appellee's attorney. Since appellee failed to voice a timely objection to the admission of this exhibit, appellee cannot be heard to complain now of the use of the exhibit during the trial. To preserve error on appeal, there must be a proper objection. N.M.R.Evid. 103(a)(1), N.M.S.A. 1978; *see also* N.M.R.Civ.App.P. 11, N.M.S. A.1978.

In his brief, appellee states "[h]ad they [appellant's Exhibits 6, 8, 9, 10 & 11] been presented in context they would not have been damaging." It was appellee's duty at trial to attempt to clear up the context of the exhibits admitted into evidence.

■ Appellee's contentions concerning the subpoena duces tecum were not raised in the trial court and are argued for the first time on appeal. Appellee has filed a motion before this court seeking dismissal of the judgment against him. No motion has been made seeking remand for further consideration of this point by the trial court. The subpoena duces tecum complained of by appellee is not contained in the record before us. The rules of appellate procedure do not authorize consideration of documents attached to briefs involving exhibits not identified or tendered into evidence before the trial court. *State v. Lucero,* 90 N.M. 342, 563 P.2d 605 (Ct.App.), *cert. denied,* 90 N.M. 636, 567 P.2d 485 (1977); *see Kassel v. Anderson,* 84 N.M. 697, 507 P.2d 444 (Ct.App.1973). Matters not of record are not before the reviewing court on appeal. *Macnair v. Stueber,* 84 N.M. 93, 500 P.2d 178 (1972). Briefs are not the proper method to establish facts on appeal. *Cornell v. Albuquerque Chemical Co., Inc.,* 92 N.M. 121, 584 P.2d 168 (Ct.App.1978). Although an appellate court is not precluded from considering facts or circumstances first becoming known after the trial court lost jurisdiction, N.M.R.Civ.App.P. 11, *supra,* appellee's failure to object to the introduction of Exhibits 6 and 11, and the trial court's refusal to admit Exhibits 8, 9 and 10 due to appellee's objections fails to establish any prejudicial error on this claim.

■ We do not sanction the improper use of process of a court, but even if appellee's assertions are true, the remedy is not reversal. The avenues for redress of such an alleged error include a motion to quash the subpoena, inquiry into the matter under the Supreme Court disciplinary rules, a motion to set aside judgment under N.M.R.Civ.P. 60(b)(6), N.M.S.A.1978 (Repl.1980), or a de-

termination of whether defendant's actions amount to facts giving rise to an action for abuse of process, *see Hertz Corp. v. Paloni,* 95 N.M. 212, 619 P.2d 1256 (Ct.App.1980). Under proper circumstances, the matters may also constitute contempt of court. N.M.R.Civ.P. 45(f), N.M.S.A.1978 (Repl. 1980). We do not decide such issues, however, since appellee has failed to establish that this issue was properly raised in the trial court below and has shown no prejudice from the exhibits involved.

(B) *Jury Instruction*

■ Appellee's second point asserts that the trial court erred in instructing the jury as to the duties of a real estate broker.

The trial court's instruction no. 17 reads as follows:

It has been established that the Plaintiff was a licensed real estate broker. When dealing on his own account, a licensed real estate broker is required to exercise the utmost good faith towards those with whom he deals, and to exercise such good faith throughout the entire transaction. In addition to a duty to disclose his personal interest as a purchaser, or seller, if any, a licensed broker is under a legal obligation to make a full, fair, and prompt disclosure to those with whom he is dealing of all facts within his knowledge which are or may be material, or which might affect their interest, or influence their action relative to the property in question. A licensed broker has the burden of showing that there is no possibility of misunderstanding or confusion as to his status when he purports to act for himself.

Appellee argues in his brief that the instruction erroneously informed the jury that every licensed realtor, acting on his own account, has a duty to disclose to others involved in the transaction all material facts which might affect the interest or influence the action of the other parties.

Appellee's objection to instruction no. 17 was as follows:

MR. TAYLOR: We also object to Defendant's [appellant's] Exhibit 19 and

17 since it has a—well, just Exhibit 17 and Jury Instruction 22.

[10] We assume appellee's attorney intended to refer to *Jury Instruction No. 17,* and not "Exhibit 17" in voicing his objection. Even if this is true, counsel's objection was not sufficiently explicit to alert the trial court to the nature of the objection. To preserve error on appeal as to an instruction, the objection must specifically guide the mind of the trial court to the claimed vice. N.M.R.Civ.P. 51(I), N.M.S.A. 1978 (1982 Cum.Supp.). Objections in general terms are not sufficient to advise the court of the particular claim of error so that it may be corrected. *Budagher v. Amrep Corp.,* 97 N.M. 116, 637 P.2d 547 (1981); *Echols v. N.C. Ribble Company,* 85 N.M. 240, 511 P.2d 566 (Ct.App.), *cert. denied,* 85 N.M. 229, 511 P.2d 555 (1973). Appellee's failure to specifically object to the instruction constitutes a waiver of any objection thereto. Appellee had sufficient opportunity to voice a proper objection to the instruction—but failed to do so. *See* N.M.R.Civ. App.P. 11, *supra.*

(C) *Denial of Judgment N.O.V.*

Appellee's third point alleges the trial court abused its discretion in refusing to grant his motion for judgment N.O.V. as to the damages awarded against him on appellant's counterclaim.

In support of this contention, appellee argues that appellant failed to present substantial evidence to the counterclaim allegations of fraud and constructive fraud or to prove such charges by clear and convincing evidence.

Specifically, appellee alleges that appellant failed to produce any evidence to establish that a fiduciary relationship or agency status ever existed in fact between himself and appellant.

■ In challenging the sufficiency of the evidence, appellee has failed to cite to all the evidence of record bearing on this contention. *See* N.M.R.Civ.App.P. 9(d), N.M.S.A.1978 (1982 Cum.Supp.). On appeal, review of a claim that the trial court

erred in refusing to grant a judgment N.O.V. is tested by the same rules that apply to a motion for a directed verdict. *Garcia v. Barber's Super Markets, Inc.*, 81 N.M. 92, 463 P.2d 516 (Ct.App.1969); *Francis v. Johnson*, 81 N.M. 648, 471 P.2d 682 (Ct.App.1970); *see Archuleta v. Pina*, 86 N.M. 94, 519 P.2d 1175 (1974). Application of this standard requires the court to view the evidence in a light most favorable to the party resisting the motion, indulging every reasonable inference in support of the resisting party and ignoring any conflicts in the evidence unfavorable to him. *Garcia v. Barber's Super Markets, Inc.*, supra.

Although appellant has failed to recite all of the evidence bearing upon this issue and a reviewing court will not ordinarily search the record to determine claims involving sufficiency of the evidence, *Doe v. City of Albuquerque*, 96 N.M. 433, 631 P.2d 728 (Ct.App.1981); *Wilson v. Albuquerque Board of Realtors*, 82 N.M. 717, 487 P.2d 145 (Ct.App.1971), even a cursory review of appellant's testimony indicates that the record contains sufficient evidence justifying the trial court's submission of the fraud issues to the jury.

The record discloses that appellee acquired an option to buy the 160 acres northwest of Tres Piedras, in Rio Arriba County, from Melecio Lopez and his wife, Freida A. Lopez; that he subsequently exercised the option to purchase the land for himself for the sum of $80,000.00; and that he subsequently agreed to sell the land to Dr. Mullen for the sum of $125,000.00. Appellant contends that appellee agreed to act as his agent in the purchase of the property from the Lopezes and to act as a "straw man" in securing title to this same property for him. Appellant also contends that appellee breached a fiduciary duty and was guilty of fraud in failing to disclose the fact that appellee was personally making a substantial profit in the transaction and selling the property to appellant at a higher price than that agreed to by the Lopezes.

In the conclusion of appellee's brief-in-chief, it is stated, "The verdict and judgment against Plaintiff [appellee] were not validated by either evidence or testimony." This is inaccurate. Without reciting all of the evidence appearing in the voluminous record, we note that the following evidence introduced by appellee, constituted substantial evidence to support the jury's verdict on appellant's counterclaim. Appellee's Exhibit 30–N, stated in part:

Dear Mr. and Mrs. Poorbaugh:

On July 30th 75—your letter signed by Ruth Poorbaugh explains how you would act in the transaction. Now, instead of following that outline you attempted to get by with a purchase and a resale on the basis of an outdated option. *Your option outdated May 15, 1975 and you as an agent handled the transaction for my wife and I* . . . .

[Emphasis added.]

Similarly, appellee's Exhibit 31 was offered into evidence by appellee's attorney over objection of appellant. This exhibit stated in part "Mr. Poorbaugh in front of me signed as an agent of the Poorbaugh Company to handle the transaction as an agent."

Appellee's Exhibit 7, a real estate purchase agreement involving the subject property was signed by appellant "Leo M. Mullen M.D." as purchaser, and also bore the following signature: "The Fred W. Poorbaugh Company (Broker) By Fred W. Poorbaugh." The space on the printed form for "seller" was left blank.

The above testimony and exhibits, although in part conflicting, constituted proper evidence to be submitted to the jury as to whether appellee was acting as the agent for appellant in this transaction. The fact that evidence was conflicting and was denied by appellee could not usurp the jury's function as fact finder to determine which version was more credible. Where a party is determined to be acting as a real estate broker he has a fiduciary duty to reveal all facts which he should realize would be likely to affect the judgment of his principal involving the transaction. *Master Builders, Inc. v. Cabbell*, 95 N.M. 371, 622 P.2d 276 (Ct.App.1980), *cert. de-*

*nied,* 95 N.M. 426, 622 P.2d 1046 (1981). Although each of the elements essential to prove fraud must be shown by clear and convincing evidence, if it is disputed, a reviewing court will resolve all conflicting evidence in favor of the prevailing party. *Wirth v. Commercial Resources, Inc.,* 96 N.M. 340, 630 P.2d 292 (Ct.App.), *cert. denied,* 96 N.M. 543, 632 P.2d 1181 (1981). The record contained properly admissible evidence sufficient to support the jury's verdict upon the counterclaim. We find no error in any of the contentions raised by appellee on appeal.

## II. MULLEN'S APPEAL

### (A) *Denial of Judgment N.O.V.*

■ Appellant's initial point on his appeal alleges the trial court erred in its refusal to grant judgment N.O.V. on appellee's recovery for defamation against appellant. The jury was instructed in the trial court's instruction no. 1, to consider eleven separate claims of defamation based upon ten allegedly libelous documents and one allegedly slanderous oral statement. The jury found appellant had defamed appellee and returned a general verdict for both actual and punitive damages. Appellant conceded that he wrote letters accusing appellee of committing criminal offenses, fraud, and misappropriation of funds incident to the land transaction between the parties, but sought to excuse these under the defenses of truth, unabused qualified privilege, mistake, and an apology. He also asserted that certain of the statements were not defamatory in their import.

Appellant argues that he was entitled to judgment N.O.V. because he established the complete defense of truth as a matter of law. Specifically, he asserts that the jury verdict in his favor on the constructive fraud claims conclusively established the truth of the statements involved.

The jury instructions on appellant's constructive fraud allegations encompassed only negligent conduct. The jury did not return a verdict in his favor on fraud based upon intentional misconduct. Appellee's libel and slander claims arose from statements by appellant that either imputed intentional misconduct to appellee or related to acts outside the factual bases for the constructive fraud verdict. The jury's finding of constructive fraud by negligent conduct does not establish the truth of the accusations of intentional misconduct. Judgment N.O.V. was not warranted on this ground.

### (B) *Instruction on Defamation*

■ Appellant's second point urges reversal because the court's instruction no. 1 on defamation was erroneous as a matter of law. In support of this argument, appellant raises a number of contentions including the assertion that appellee had failed to prove actual harm or damages by reason of one or more of the alleged defamatory statements. We agree with this contention.

Both the court's instruction no. 1 and no. 13, were premised upon the erroneous assumption that a party seeking recovery for defamation need not prove actual damages. At the close of all the evidence, appellant moved for a directed verdict on appellee's claims for defamation and asserted that appellee had failed to prove the existence of any special damages. The trial court in ruling on this motion stated:

> I'm going to rule that there's evidence of libel per se, and I'm going to rule that there is no evidence of special damages, and, therefore, any libel per quod will not be allowed to go to the jury, that the questions of libel and slander per se will be allowed to go to the jury, and the general damages can be argued.
>
> By the way, I'm also going to allow both of you to argue punitive damages in this case. I believe there's sufficient evidence on both sides to support the claims for punitive damages.

Instruction no. 13, given by the trial court read in applicable part:

> If you should decide in favor of the Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate Plaintiff for the following elements

of damages, *which are presumed to have resulted* from the communication made by the Defendant:

. . . .

*It is not necessary for Plaintiff to prove any specific dollar or monetary amount of damage in order for Plaintiff to recover damages.* [Emphasis supplied.]

The instructions given by the trial court are inconsistent with the Supreme Court decision in *Marchiondo v. Brown,* 21 N.M.St. B.Bull. 920 (1982). There the court stated:

In summary, we hold that as to the law of defamation:

(1) *the standard of strict liability no longer applies;*

(2) the ordinary common law negligence standard of proof shall apply to private defamation plaintiffs to establish liability, *and liability is limited to recovery of actual damages;*

(3) a private defamation plaintiff must plead and prove special damages in order to recover them;

(4) a private defamation plaintiff who seeks punitive damages must prove actual malice.

We note that our recent Uniform Jury Instruction applicable to Libel and Slander, Chapter 10, U.J.I. Civil, may not correctly state the law now articulated by the United States Supreme Court in GERTZ, supra, and by this court in this opinion. [Emphasis added.]

*Marchiondo v. Brown, supra,* gave recognition that *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), significantly changed New Mexico law relating to actions seeking damages for alleged defamatory statements. *Gertz* requires proof of actual damages.

■ The standards enunciated in *Marchiondo v. Brown, supra,* also apply to suits in defamation actions against non-media defendants. *See* R. Sack, Libel, Slander, and Related Problems, § V.9.4.1, and § VI. 4.4.2 (1980); *Nelson v. Cail,* 120 Ariz. 64, 583 P.2d 1384 (Ct.App.1978), following *Peagler v. Phoenix Newspapers, Inc.,* 114 Ariz. 309,

560 P.2d 1216 (1977); *Jacron Sales Co., Inc. v. Sindorf,* 276 Md. 580, 350 A.2d 688 (1976); *see generally Maheu v. Hughes Tool Co.,* 569 F.2d 459 (9th Cir.1977, modified 1978). As recast by *Marchiondo v. Brown, supra,* in defamation actions, the law restricts compensation to actual and special damages. Punitive damages are recoverable only if there is proof that the publication was made with actual malice (knowledge of falsity or reckless disregard of the truth).

Because of error in the court's instructions as to damages recoverable on claims of defamation the verdict in favor of appellee must be reversed and remanded for a new trial. On retrial the requirements as to proof of actual damages set forth in *Marchiondo v. Brown, supra,* should be applied.

■ Since appellee's defamation claims must be relitigated, we also address several of appellant's other arguments that were also raised on appeal. Appellant has asserted that one of the statement's alleged to have defamed plaintiff, was not actionable because the communication referred to Poorbaugh's Company rather than appellee individually. The fact that the letter refers to Poorbaugh's Company rather than Poorbaugh personally does not change this result. Libel of a partnership trade name is libel per se of the partners. *Young v. New Mexico Broadcasting Company,* 60 N.M. 475, 292 P.2d 776 (1956); Restatement (Second) of Torts § 562 (1977).

[20] Defamation of a class or group may also be actionable as defamation of an individual member thereof if the class is so small or the circumstances of publication indicate that the defamation can reasonably be understood to refer to the member. Restatement, *supra,* § 564A; *Hardy v. Williamson,* 86 Ga. 551, 12 S.E. 874 (1891); *De Witte v. Kearney & Trecker Corp.,* 265 Wis. 132, 60 N.W.2d 748 (1953). By analogy, the reference to appellee's company bearing his name as its own, would reasonably be understood to defame him personally as well.

[21] Appellant has also asserted the claim that each of the statements itemized

in the court's jury instruction no. 1, were subject to a qualified privilege necessitated by dealings between the parties. None of the ten written statements or the one oral statement listed in the court's instruction are protected by an unabused qualified privilege as a matter of law. Defamatory matters may be qualifiedly privileged between parties who have common business or personal interests in the subject matter of the publication and if they are made in good faith in order to protect one's interest or in the discharge of a public or private duty. *Commonwealth Motor Parts Limited, Etc.*, 44 A.D.2d 375, 355 N.Y.S.2d 138 (1974); *Knight v. Patterson*, 20 Utah 2d 242, 436 P.2d 801 (1968); Restatement, *supra*, §§ 594, 596; *see also Bookout v. Griffin*, 97 N.M. 336, 639 P.2d 1190 (1982); *Mohona-Jojanto, Inc., N.S.L. v. Bank of New Mexico*, 79 N.M. 293, 442 P.2d 783 (1968).

In *Mohona-Jojanto,* the court held that a conditional privilege may be lost by abuse. *See also* Restatement, *supra,* §§ 593, 599. As noted in Restatement, *supra*, § 599, "one who publishes defamatory matter concerning another upon an occasion giving rise to a conditional privilege is subject to liability to the other if he abuses the privilege." The existence of a privileged occasion is a question of law to be decided by the court. Similarly, the question of abuse of a privilege is also subject to determination as a matter of law. However, the issue of whether a privilege has been abused is one of fact if more than one conclusion can be drawn from the evidence. *Mohona-Jojanto, Inc., N.S.L. v. Bank of New Mexico, supra; Stewart v. Ging*, 64 N.M. 270, 327 P.2d 333 (1958). The court in *Mohona-Jojanto* further explains:

> Abuse arises out of the publisher's *lack of belief, or reasonable grounds for belief,* in the truth of the alleged defamation; by the publication of the material of an improper use; by the publication to a person not reasonably necessary for the accomplishment of the purpose; or by publication not reasonably necessary to accomplish the purpose. [Emphasis added.]

In the instant case, the trial court found that qualified privilege existed and instructed the jury to determine whether abuse occurred under the *Mahona-Jojanto* standard. Since more than one conclusion as to the declarant's belief or lack of belief in the truth of the statements in question, existed under the evidence, the trial court's submission of the issue of abuse of privilege, was in accord with the ruling in *Mahona-Jojanto.*

Finally, we address the issue as to sufficiency of publication. Liability for defamation is based upon both publication, i.e., communication to a third person, and proof of actual damages. *Bookout v. Griffin, supra; Martinez v. Sears, Roebuck and Co.*, 81 N.M. 371, 467 P.2d 37 (Ct.App.), *cert. denied*, 81 N.M. 425, 467 P.2d 997 (1970); *Marchiondo v. Brown, supra.*

Publication of defamatory matter consists of its communication by the declarant intentionally or by a negligent act to one other than the person or person defamed. Restatement, *supra*, § 577(1); *Sesler v. Montgomery*, 78 Cal. 486, 21 P. 185 (1889).

Both appellee and his former wife were licensed realtors who officed together at the time of the sale of realty to appellant. Appellant asserts that Mrs. Poorbaugh's receipt of copies of certain of the letters does not amount to sufficient publication under *Martinez v. Sears, Roebuck and Co., supra.* In *Martinez*, this court held that a defamatory communication is not published if made to a person who is familiar with the facts and circumstances and knows that plaintiff is innocent of the accusation.

Although a communication to a party's present or former spouse may satisfy the requirement of publication of defamatory material to a third person, it is not sufficient if the statement is jointly defamatory of both individuals, or if the parties whether married or not were acting in concert as joint adventurers or partners in respect to the matters referred to in the statement in question. Restatement, *supra,* § 577(j); *see also Harbison v. Chicago, R.I.*

& *P.Ry.Co.,* 327 Mo. 440, 37 S.W.2d 609, 79 A.L.R. 1 (1931); *Abraham Used Car Co. v. Silva,* 208 So.2d 500 (Fla.Ct.App.1968); *Emo v. Milbank Mutual Insurance Company,* 183 N.W.2d 508 (N.D.1971); *Starnes v. St. Joseph Railway, Light, Heat & Power Co.,* 331 Mo. 44, 52 S.W.2d 852 (1932); *Chedester v. Stecker,* 643 P.2d 532 (Haw.1982).

■ Statements which were jointly addressed to both appellee and his former wife and which amount to joint libel of both individuals are not actionable in the absence of proof of further publication to a third party. On retrial the trial court should review each statement relied upon by appellee to determine if it is a joint libel or slander or if the requisite publication has been proven.

The jury's verdict in favor of appellant on the constructive fraud claims is affirmed. The verdict in favor of appellee for defamation is reversed and remanded for a new trial consistent with this opinion. Appellee shall pay one-half of appellate costs.

IT IS SO ORDERED.

WOOD and LOPEZ, JJ., concur.