SUTIN, Judge (specially concurring). {17} I agree that entry of summary judgment was improper and that we should remand for further proceedings. I describe here how I analyze the issue. {18} To establish liability in defamation, a plaintiff must prove the existence of a defamatory communication that was published proximately causing actual injury to the plaintiff. See Newberry v. Allied Stores, Inc., 108 N.M. 424, 429, 773 P.2d 1231, 1236 (1989); see also Poorbaugh v. Mullen, 99 N.M. 11, 21, 653 P.2d 511, 521 (Ct.App.1982) (“Liability for defamation is based upon both publication, i.e., communication to a third person, and proof of actual damages.”). Defamatory communications are “those which tend to expose a person to contempt, to harm the person’s reputation, or to discourage others from associating or dealing with [him or her].” UJI 13-1007 NMRA. I see no reason why, once publication of a defamatory communication as defined in UJI 13-1007 is proved, the actual injury element must in every case be actual injury to reputation. {19} The actual injury that must be proved is actual damage caused by publication of the defamatory communication. Once a plaintiff proves publication of a defamatory communication, the plaintiff need prove only one type of actual injury among those listed in UJI 13-1010 NMRA. For a defendant to prevail on summary judgment, the defendant must negate the particular actual injury that the plaintiff asserts he suffered as a result of publication of the defamatory communication. Here, Defendant failed to negate the actual injury of humiliation and anxiety asserted by Plaintiff. {20} I have two observations. One, if in New Mexico to establish liability in defamation a plaintiff must not only prove the existence of a defamatory communication that was published but must also prove that the actual injury element consisted of actual injury to the plaintiffs reputation, our Supreme Court needs to refine the law as it is stated in Newberry. Two, if Newberry is to remain unchanged, UJI 13-1002(B)(8) NMRA and UJI 13-1010, which appear to be facially irreconcilable, need to be changed so that the actual injury element can be satisfied on a showing of damage other than damage to reputation. One way to accomplish that change is as suggested in the main opinion, namely, by changing UJI 13-1002(B)(8) to read, “The communication caused actual injury to the plaintiff.”