415 P.2d 316

**WESTERN STATES TITLE INSURANCE COMPANY, Plaintiff and Appellant,**

**v.**

Ned WARNOCK, Defendant and Respondent.

**No. 10444.**

Supreme Court of Utah.

June 16, 1966.

Mabey, Ronnow, Madsen & Marsden, Salt Lake City, for appellant.

Critchlow, Watson & Warnock, A. W. Watson, Salt Lake City, for respondent.

KELLER, District Judge:

By this appeal the appellant seeks a reversal of a summary judgment granted by the Hon. Stewart M. Hanson, a judge of the District Court within and for Salt Lake County in a proceeding wherein Western States Title Insurance Company is plaintiff and Ned Warnock is defendant.

The complaint upon which the plaintiff bases its right to relief consists of two causes of action. The first alleges in substance that the defendant on or about the 19th day of March 1965, maliciously prepared a document referred to as Exhibit "A" and that such document was by the defendant mailed to some two hundred to four hundred persons, and upon information and belief alleges that said document came to the attention of an additional five hundred to one thousand persons.

The record discloses that Exhibit "A" was not in fact attached to the complaint. Counsel for the defendant does not make a point of the failure of the plaintiff to attach the exhibit, and on the contrary sets it forth in full in their brief and specifically agree that this court may consider the case as though it had been made a part of the plaintiff's complaint. In the interest of brevity we quote from plaintiff's Exhibit "A" the only language that could possibly provide a contention that the exhibit was libelous:

"I have instituted a suit against Harold Calder and Western States Title Insurance Company on my own behalf and on behalf of you, the members. If we recover from Harold Calder or the Western States Title Insurance Company on the slander of title suit, then any money recovered after costs have been paid will be distributed to you, the members, as your interests appear."

The second cause of action alleges in brief that on or about March 10, 1965, the defendant stated to one Milo S. Marsden, Jr. the following:

"Western States Title Insurance Company has violated its fiduciary responsibility to them."

That by the word "them" the defendant was referring to the parties to a certain trust held by plaintiff as trustee covering land owned by Joseph P. Kesler, the Indian

Springs Health and Recreation Association or the Indian Springs Country Club.

The relief sought by each of these causes of action is general damages in the sum of $100,000 and punitive damages in a like sum. No special damages are pleaded in either cause of action.

Outside the allegations of the complaint the trial court had before it at the time of granting the summary judgment undisputed information contained in motions and affidavits from which we summarize the following: That the defendant in this action was counsel for Joseph P. Kesler and the Indian Springs Health and Recreation Association in the suit referred to in the language hereinabove quoted from plaintiff's Exhibit "A"; that Milo S. Marsden, Jr. was one of the counsel for the defendant in said suit; that the defendant and said Milo S. Marsden, Jr. participated in the taking of a deposition of one Herbert L. Gleason; that such deposition constituted a part of the legal proceedings in said suit; that the comment alleged in the second cause of action to constitute a slander was made only to said Milo S. Marsden, Jr. immediately after the taking of such deposition. Affidavits filed disclose that Marsden and the defendant differ slightly in their recollection of the words spoken by the defendant on the occasion just referred to above. It makes no difference which version we accept as true as each may be reasonably construed to be an expression of opinion on the part of the defendant that the plaintiff had breached a fiduciary trust.

With respect to the first cause of action, unless we hold that the language claimed to constitute a libel is libelous per se; since plaintiff does not allege any special damages resulting from the alleged libelous statement, the ruling of the trial court cannot be reversed. For words to be libelous per se their injurious character must be a fact of such common notoriety as to be established by the common consent of men so that damage from the publication of such words may be presumed. (Nichols v. Daily Reporter Co., 30 Utah 74, 83 P. 573, 3 L.R.A.,N.S., 339). Definitions of like import have been given in practically all the courts of the United States.

It is to be observed that the language quoted above from Exhibit "A" is merely a characterization of some statement allegedly made by the defendant. With respect to some terms used to characterize words or acts not specifically stated, nothing more than such characterization is necessary to make their slanderous quality apparent. If one publishes a statement characterizing another as a thief, the statement is libelous per se. This is so because the statement cannot reasonably be given any other meaning than that the person has stolen the property of another, and it means the same thing to all users of the English language. Damage to the person character-

ized as a thief is presumed. Undoubtedly the vast majority of persons having a reasonably adequate understanding of English would understand the term slander of title as the making of derogatory statements pertaining to the validity of another's ownership of property. Only those learned in a special field of law would include in a definition of the term slander of title the making of a derogatory statement respecting one's ownership of property resulting in special damages to the owner. In determining whether words are libelous per se, they are to be construed according to their usual, popular and common acceptation. (Keller v. Safeway Stores, 111 Mont. 28, 108 P.2d 605) Words in disparagement of another's title are not in themselves actionable. It is only when words spoken in disparagement of another's title cause special damage that the law allows a recovery. It is apparent from the language quoted above from the plaintiff's Exhibit "A" that the persons to whom it is alleged to have been mailed were not persons of the legal profession. This being so, the defendant in the use of the language chosen was doing nothing more than he had a legal right to do and that without an allegation of special damage there can be no recovery on what is alleged in the plaintiff's first cause of action.

■ We pass to consideration of the second cause of action. The statement allegedly made by the defendant was to opposing counsel in an office discussion of the lawsuit they were involved in relative to the position that his adversary would take respecting certain matters under consideration in the case. For a lawyer to be apprised of the position his adversary takes with respect to some particular testimony or circumstance involved in a pending lawsuit is usually more helpful than harmful. If all circumstances of no greater importance than this were permitted to become matters for litigation there could be no free and honest communication between opposing counsel in a case before the courts.

The decision of the trial court is affirmed.

McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

HENRIOD, C. J., having disqualified himself, does not participate herein.

WADE, J., heard the argument in this cause, but passed away before the opinion was filed.