436 P.2d 801

**James R. KNIGHT, Plaintiff and Appellant,**

**v.**

**Clyde C. PATTERSON and Ormond Konkle, Defendants and Respondents.**

No. 10861.

Supreme Court of Utah.

Jan. 23, 1968.

M. Matt Biljanic, Midvale, for appellant.

Robert V. Phillips, of Patterson, Foley, Phillips & Gridley, Ogden, for respondents.

CROCKETT, Chief Justice:

Plaintiff, James R. Knight, appeals from a summary judgment dismissing his alleged cause of action against defendant, Clyde C. Patterson, an attorney, for slander of plaintiff's character. On the basis of answers to interrogatories, affidavits and depositions the trial court ruled that even accepting the facts as contended by the plaintiff, he could establish no right to recover.

In May, 1963, Patterson and Knight had an oral understanding that they would join together in a motel business in West Yellowstone, Montana. Pursuant to that understanding they signed a real estate contract as joint purchasers. Not material to the issue here, but of interest to explain the parties named as defendants, in November, 1963, a one-third of their interest in the motel was conveyed to the defendant, Ormond Konkle. The varying arrangements made regarding the financing and management of the motel, which can be characterized as quite loose and informal, included that Knight would make his contribution by serving as its manager. This he did until the close of the season for the following year, 1964. At that time, Patterson's wife, who is an accountant, went to the motel to audit the books. She found several irregularities, including a number of checks drawn by Knight on the motel account, but where the funds had gone for his personal use. This fact is not disputed. Avoiding unnecessary involvement in detail, it is sufficient to say in summary that there arose a disagreement between Knight and Patterson as to the extent of Knight's authorization to draw money, the amounts which were drawn, and whether they were properly allocated and entered on the books. Just who is right and who is wrong in that dispute is not of critical concern here.

The issue presented on this appeal relates to the plaintiff's accusation that in connection with that dispute Patterson made slanderous statements about Knight. After the books were audited, Knight came down to Ogden, Utah to collect funds he claimed due him from Patterson. Plaintiff's contention is that in conversations concerning this claim Patterson stated at separate times to two individuals, Arthur F. Campbell and Frank Warner, that Knight had been embezzling money of the motel by converting its funds to his own use.

The ground which we regard as determinative of the issue here presented,

and which supports the granting of the summary judgment, is that the statements allegedly made by the defendant Patterson under the circumstances shown, were within the area of conditional privilege.

Arthur F. Campbell was an employee of the Ford Finance Company, from whom Knight had obtained a loan, and for which Patterson had co-signed. They were thus all involved together in a business transaction. In his brief plaintiff makes what it seems fair to interpret as a concession that his claim is not well-founded as to the alleged publication of a slander to said Campbell. He quotes this sound statement from 33 Am.Jur., Libel and Slander, Sec. 126:

> The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only.

And then states that: "The elements of a conditionally privileged communication * * * might conceivably be found to exist in the statement of [to] Arthur F. Campbell."

More important with respect to the claim of slander uttered to Mr. Campbell is the fact that from the latter's sworn statement it is difficult to discern whether anything Patterson said to him would reasonably be regarded as defamatory of the plaintiff

Knight. And when asked specifically as to the accusation of embezzlement, Mr. Campbell stated:

Q. Has Mr. Patterson ever advised you that James R. Knight embezzled motel monies?

A. No.

and further

Q. Has anything Mr. Patterson ever told you caused you to change your opinion of James R. Knight?

A. No.

It will be seen that this latter statement is practically the essence of ambiguity: whether he previously thought of Knight as an honest man, or as a crook, and retained the same opinion thereafter, we have no way of knowing.

Frank Warner was the attorney engaged by the plaintiff to pursue his claim against Patterson. It was in connection with their discussion of the matter that Patterson, in asserting his defenses and his claims regarding Knight, uttered the alleged defamatory statement. When troubles have progressed to the point where attorneys are representing their respective clients, it often happens that disputes have become sharp and animosities have developed. In their discussions the object to be desired is the finding of some basis for agreement and settlement of the dispute. In order to serve that objective it is essential that the parties

feel free to discuss frankly and candidly their respective positions and contentions. We have heretofore recognized this as one of the situations where the presence of the conditions hereinabove referred to may make what is said privileged.[1]

On the basis of the undisputed facts shown, it appears that there is at least a plausible basis upon which Patterson could have believed in good faith that the plaintiff had used motel money for his own purposes. It would be difficult for him to make known his contention that the plaintiff had taken money which rightly belonged to the motel, without impugning the latter's honesty; and a concomitant of this is that under certain circumstances it would constitute embezzlement. It could well be that the defendant did not use the most discreet choice of words to characterize his opinion of the plaintiff and his conduct. While we are not entirely unappreciative of the delicacy of the plaintiff's feelings, it should be realized that that is not the stuff that such disputes are made of, and that under those circumstances no such high standard is required.[2] We are in agreement with the trial court's view that where it appeared that it was only the attorneys involved, who were acting in the interests of their clients, and the statements made were pertinent to the business at hand and relating to the issues in dispute, they fall within the purview of the previous expression of this court pointing out the necessity of "free and honest communication between opposing counsel."[3] Accordingly he correctly ruled as a matter of law that they were within the conditional privilege.

Affirmed. Costs on appeal to defendant Patterson (respondent).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

1. See Western States Title Insurance Company v. Warnock, 18 Utah 2d 70, 415 P.2d 316; for statement re conditional privilege see Combes v. Montgomery Ward & Co., 119 Utah 407, 228 P.2d 272, and authorities therein cited.
2. When it is shown that the occasion is privileged, the plaintiff must show affirmatively excessive or malicious publication which transcends and thus abuses the privilege. See Prosser, Law of Torts, Sec. 110 and authorities therein cited; also 33 Am.Jur. Sec. 296.
3. See statement of this court through Judge F. W. Keller in Western States Title Insurance Company v. Warnock, footnote 1 above.