**446**

519 P.2d 884

Chad L. SOWELL, Plaintiff and
Appellant,

v.

IML FREIGHT, INC., Defendant
and Respondent.

No. 13488.

Supreme Court of Utah.

Feb. 28, 1974.

Lyle J. Barnes, Barnes & Wilson, Kaysville, for plaintiff and appellant.

Nathan J. Fullmer, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The plaintiff filed his complaint in the district court wherein he claimed that he had suffered damage by reason of an alleged libel committed by the defendant. The court below granted the defendant's motion to dismiss the plaintiff's amended complaint and he has appealed to this court.

The plaintiff was formerly employed by the defendant as a truck driver. On January 17, 1973, the plaintiff was involved in an accident in the state of Illinois when he lost control of the vehicle he was operating, which overturned causing substantial damage to the equipment and killing plaintiff's fellow driver. On or about January 26, 1973, IML terminated the plaintiff's employment by written notice, a copy of which was forwarded to the International Brotherhood of Teamsters, Local No. 222, of which the plaintiff was a member. The letter notifying the plaintiff of his termination reads in part as follows:

> . . . a result of reckless actions which led to your accident of January 17, 1973, . . . involving IML tractor 2011 (and two) trailers . . . which resulted in severe damage to the unit and took the life of your codriver.

The contract entered into between the Union and IML contained the following language:

> Section 1. General. The Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice of the complaint against such employee to the employee in writing, and a copy of the same to the Local Union affected; except that no warning notice need be given to an employee before he is suspended or discharged if the cause of such suspension or discharge is: (a) Dishonesty; (b) Drunkenness; (c) Recklessness resulting in a serious accident while on duty; (d) The carrying of unauthorized passengers.

The plaintiff's Union protested his discharge and an appeal was taken to the joint state committee as provided for in the labor contract. The joint state committee upheld the discharge of the plaintiff.

It is the plaintiff's contention in these proceedings that the defendant's labeling his conduct as "reckless" has prevented him from obtaining employment as an over-the-road driver[j] with other trucking firms. The plaintiff makes the claim that IML should have made a more complete investigation of the accident which resulted in his termination due to the fact that the incident may have resulted from faulty equipment rather than the fault of the driver.

At the time the defendant's motion to dismiss the plaintiff's complaint was heard by the trial court that court ordered that the complaint be dismissed, and, it also granted to the plaintiff leave to file an amended complaint alleging malice. Plaintiff declined to plead further, and the complaint was dismissed. It appears from the record that the court below was of the opinion that the notice to the plaintiff of his termination was privileged. It was a problem for the court to determine whether a conditional privilege existed, and based upon that determination, whether the complaint stated a cause of action. The communication involved here being between employer and employee is protected by the privilege when it is made bona fide about a matter in which the writer had an interest or duty and the recipient had a corresponding interest or duty and the communication was made in the performance of that duty.[1] The writer must also have an honest belief in the truthfulness of the statement. In this matter the communication complained of by the plaintiff is his complaint was made necessary by the terms of

---

1. Combes v. Montgomery Ward & Co., 119 Utah 407, 228 P.2d 272; Harrison v. Garrett, 132 N.C. 172, 43 S.E. 594; Sec. 595 Restatement of Torts (ALI); Knight v. Patterson, 20 Utah 2d 242, 436 P.2d 801.

the contract between IML and the plaintiff's Union. It thus appears that the communication was protected, and the plaintiff, having declined to allege malice or facts tending to show malice so as to remove the communication from the protection of the privilege, failed to state a cause of action for libel.

The order of the court below dismissing the plaintiff's conplaint is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.