424 So.2d 1109 (1982)
William JONES
v.
Lee T. WESLEY.
No. 82 CA 0217.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1110 David L. Dawson, Jr., Baton Rouge, for plaintiff-appellant William Jones.
Freddie Pitcher, Jr., Baton Rouge, for defendant-appellee Lee T. Wesley.
Before PONDER, SAVOIE and ELLIS, JJ.
PONDER, Judge.
Plaintiff appealed from the judgment dismissing his suit for defamation and malicious prosecution.
The sole issue is qualified privilege.
We affirm.
Plaintiff was employed by Community Advancement, Inc. (CAI). On February 1, 1977, defendant, as the executive director of CAI, notified plaintiff by letter that he was suspended from his employment, and gave as reasons that plaintiff had been "padding" his local mileage.
Defendant advised the District Attorney's office of the matter, and that office conducted its own investigation. Plaintiff and several other employees of CAI were indicted by the East Baton Rouge Parish Grand Jury. After plaintiff was tried for misdemeanor theft and found not guilty, he filed this suit.
Defendant pleaded qualified privilege as an affirmative defense. The trial court carefully considered this issue in its *1111 written reasons for judgment, and we adopt the court's reasons:
"A qualified privilege exists if a defamatory communication is made (1) in good faith, (2) on a matter in which the person communicating has an interest or with regard to which he has a duty, or (3) to a person having a corresponding interest or duty.
"It is well established that if the alleged defamatory remark is accusation of the commission of a crime, the remark is defamatory per se, and falsity and malice are presumed. However, a finding of good faith as an element of the qualified privilege would effectively rebut the presumption of malice.
"As executive director of Community Advancement, Inc., defendant had a duty to report circumstances involving a possible crime to the District Attorney's office, and that office had a corresponding duty to receive that information. The public has an interest in possible criminal activity being brought to the attention of the proper authorities, and remarks made in good faith setting forth well-founded charges are clearly privileged. See Toomer v. Breaux, 146 So.2d 723 ([La. App.] 3rd Cir.1961) and Crump v. Crump, 393 So.2d 337 ([La.App.] 1st Cir.1980).
"In addition to notifying the District Attorney's office, defendant notified plaintiff of his suspension and the reasons therefor by letter .... As plaintiff's supervisor, defendant had a duty to document plaintiff's suspension and the reasons therefor. No publication to anyone without a corresponding interest or duty has been shown. If good faith is shown, the placement of this letter in plaintiff's file is conditionally privileged also. Alford v. Georgia-Pacific, 331 So.2d 558 ([La.App.] 1st Cir.1976), writ den. 334 So.2d 427 (La.1976). As the court does not find any publication other than that noted above, the only issue is defendant's good faith.
"The test for whether a communication is made in good faith was set forth in Cormier v. Blake, 198 So.2d 139,144 ([La. App.] 3d Cir.1967) as follows:
"`... the person making the statement must have reasonable grounds for believing that it is true and he must honestly believe that it is a correct statement.'
"Defendant testified that there were two factors which prompted his inquiry into the mileage records involved. First, it was agency policy to annually spot check mileage claims, and second, a report from the United States Department of Labor indicated suspicious activity in the Veteran's Outreach Program, where plaintiff and others were employed. An internal investigation of mileage vouchers revealed discrepancies in mileage claims of plaintiff and others. After speaking with Haymer King, a regional official with the United States Community Services Administration in Dallas, Texas, defendant suspended plaintiff and others, and contacted the District Attorney's office with the information he had.
"Plaintiff admitted there were discrepancies in his records. These discrepancies arose, according to his testimony, on days when he claimed sick leave for the whole day, but worked part of the day and claimed mileage without correcting his sick leave record.
"The court finds that defendant was in good faith in making the statements sued upon. There was ample reason for the initial investigation and, by plaintiff's own testimony, the records reveal discrepancies indicating possible falsification. The court is convinced that defendant had reasonable grounds and honestly believed that his statements were true."
An action for malicious prosecution requires the concurrence of:
1) The commencement or continuance of an original criminal or civil judicial proceeding.
2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
3) Its bona fide termination in favor of the present plaintiff.
4) The absence of probable cause for such proceeding.

*1112 5) The presence of malice therein.
6) Damage conforming to legal standards resulting to plaintiff.
Hill v. Smith, 399 So.2d 708 (La.App. 1st Cir.1981).
While the above written reasons address themselves to defamation, the finding of reasonable grounds and honest belief in the truth is fatal to plaintiff's claim for malicious prosecution because of failure to meet requirements four and five.
For these reasons, the judgment of the trial court is affirmed at plaintiff's costs.
AFFIRMED.