479 So.2d 534 (1985)
Sandra K. (Sandy) BATTS
v.
CAPITAL CITY PRESS, INC.
No. 84 CA 0935.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*535 John L. Avant, Baton Rouge, for plaintiff-appellant Sandra K. (Sandy) Batts.
Frank M. Coates, Jr., Baton Rouge, for defendant-appellee Capital City Press, Inc.
Before LOTTINGER, COLE and CRAIN, JJ.
COLE, Judge.
This is an appeal from a judgment of the trial court which after trial dismissed the invasion of privacy suit of Sandra Batts (plaintiff) against Capital City Press, Inc. (defendant).

FACTS
The facts are undisputed. On July 11, 1983, the then thirty year old plaintiff was the victim of a violent attack. At about 9:20 that morning she was unloading her laundry at a laundromat in Baton Rouge when a young "very short" black male approached and grabbed her. During the ensuing struggle the plaintiff bit her assailant's hand hard enough to cause one of her teeth to fall out. Her assailant then released her, shot her with a small caliber pistol, and ran off. The plaintiff was struck in the upper right shoulder and fortunately was not seriously injured. Her assailant was never identified or apprehended.
At approximately 10 a.m. that same morning, the public information officer of the Baton Rouge City Police Department, telephoned Cheramie Sonnier, the police reporter for the defendant's newspaper, The State Times, informing her of the attack and giving her the details of the incident. A printed account of the incident was included in that afternoon's edition of the State Times. The account gave the plaintiff's *536 name and address. The following morning a similar account was reported in the defendant's other newspaper, The Morning Advocate, however this story only gave plaintiff's name and not her address.[1]
Subsequently, plaintiff filed suit for damages alleging that the inclusion of her name and address in the articles constituted an unreasonable invasion of her constitutional right to privacy.
At the conclusion of the trial, the trial court found on the basis of the most recent State Supreme Court decisions in this area, Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979) and Roshto v. Hebert, 439 So.2d 428 (La. 1983), and the United States Supreme Court case of Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) that plaintiff was not entitled to relief.
The plaintiff appeals this judgment. The appeal raises two issues:
1. Was there an invasion of privacy?
2. Did the Baton Rouge Police Department's dissemination of the particulars of plaintiff's assault render such information a matter of public record, thereby entitling defendant to publish plaintiff's name and address?
The second issue involves serious questions regarding federal constitutional guarantees under the First Amendment concerning freedom of speech and of the press. Because we find that there was no actionable invasion of privacy under state law, we need not address the second issue.

THE RIGHT OF PRIVACY
Louisiana recognizes a right of privacy. Violation of this right by others is actionable under La.C.C. art. 2315 as a breach of duty, or fault. Jaubert, 375 So.2d 1386. Where the privacy interest exist, the duty not to violate that interest may be breached even though the violation is not untrue or defamatory. There are certain areas where the individual simply has the right to be let alone and violation of that right by other members of society is an actionable tort. Jaubert, 375 So.2d 1386, 1389.
In Jaubert the Louisiana Supreme Court identified four different interests which the right of privacy embraces and the methods in which these interests may be invaded which would result in an actionable tort. These privacy interests and the method of invasion must be considered in reference to this case.
1) Appropriation of an individual's name or likeness for use or benefit of the defendant. It was specifically pointed out that while the use or benefit of the name or likeness does not necessarily have to be commercial or pecuniary, where a person's name or likeness is used in a newspaper which is published for sale this does not constitute use or benefit on the part of the publisher. Consequently, the printing of the plaintiff's name in this case does not constitute its appropriation for the use and benefit of the defendant.
2) Unreasonable intrusion upon plaintiff's physical solitude or seclusion. This requires that the activity intruded upon be private. Here the activity was a crime committed in a public place. Anyone was free to be present at the laundromat and if present could have witnessed the occurrence and identified the participants. If the same event had occurred in plaintiff's home the privacy right might be present, but here it is not.
3) Publicity which places a plaintiff in a false light. This requires that the publicity contain either falsity or fiction, neither of which is present here.
4) Unreasonable public disclosure of embarrassing private facts. Even if the commission of the crime were considered a private fact, which is highly questionable, the Supreme Court, quoting from Prosser, Law of Torts, 811, notes that "[i]t seems to be generally agreed that anything visible in a public place can be recorded and given *537 circulation by means of a photograph, to the same extent as by a written description, since this amounts to nothing more than giving publicity to what is already public and what anyone present would be free to see." Jaubert, 375 So.2d 1386.
This case is not determined by the press' right of access to material contained in police files and the right to publish that material.[2] It is determined by the fact that the crime occurred in a public place where the plaintiff had no right of privacy and the same information could have been obtained from a person legitimately located at the same place who happened to see the incident and could identify the party.
We affirm the judgment of the trial court. All costs are to be paid by appellant.
AFFIRMED.
NOTES
[1] Both accounts erroneously published her last name as Bates, not Batts. The record indicates the original news story inadvertently carried the name and address of plaintiff.
[2] The court recognized in Roshto, that if there is a right of publication of the facts in a public record that right can be abused. 439 So.2d 432. See also Buratt v. Capitol City Press, Inc., 459 So.2d 1268 (La.App. 1st Cir.1984). We make no determination of the duty of the police to release any information with reference to any crime regardless of where it occurred. We also make no determination of the right of the press to publish information with reference to a crime which occurs where there is a right to privacy, such as in a person's home, regardless of how they obtain that information.