501 So.2d 302 (1986)
Sandra K. BATTS
v.
The CITY OF BATON ROUGE and Jeffrey L. Wesley.
No. CA 85 1362.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
Rehearing Denied January 30, 1987.
Writ Denied March 20, 1987.
Mark E. Falcon, Baton Rouge, for plaintiff-appellee Sandra K. Batts.
Samuel R. Cicero, Baton Rouge, for defendant-appellant The City of Baton Rouge.
*303 Before GOVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for damages in tort by the victim of a crime which asserts that a police officer and the municipality which employed him invaded the victim's privacy by providing the victim's name and address and the details of the crime to a newspaper which subsequently published the information. The trial court rendered judgment against the municipality for $10,000, but dismissed the claim against the police officer. The municipality took this suspensive appeal.

FACTS
The facts of this case are set forth in Batts v. Capital City Press, Inc., 479 So.2d 534, 535-536 (La.App. 1st Cir.1985)[1] as follows:
The facts are undisputed. On July 11, 1983, the then thirty year old plaintiff was the victim of a violent attack. At about 9:20 that morning she was unloading her laundry at a laundromat in Baton Rouge when a young `very short' black male approached and grabbed her. During the ensuing struggle the plaintiff bit her assailant's hand hard enough to cause one of her teeth to fall out. Her assailant then released her, shot her with a small caliber pistol, and ran off. The plaintiff was struck in the upper right shoulder and fortunately was not seriously injured. Her assailant was never identified or apprehended.
At approximately 10 a.m. that same morning, the public information officer of the Baton Rouge City Police Department, telephoned Cheramie Sonnier, the police reporter for the defendant's newspaper, The State Times, informing her of the attack and giving her the details of the incident. A printed account of the incident was included in that afternoon's edition of the State Times. The account gave the plaintiff's name and address. The following morning a similar account was reported in the defendant's other newspaper, The Morning Advocate, however this story only gave plaintiff's name and not her address.1
1. Both accounts erroneously published her last name as Bates, not Batts. The record indicates the original news story inadvertently carried the name and address of plaintiff.

DOES THE LOUISIANA PUBLIC RECORDS LAW CREATE AN ACTIONABLE TORT DUTY OWED BY THE MUNICIPALITY TO THE VICTIM?
The City of Baton Rouge (City) contends the trial court committed error by holding that "the information released ... to ... Capital City Press, was protected by the public records act ..." Batts responds in brief that "the trial court did not hold that the Public Records Act protected appellee's name and address from disclosure", rather "the Court simply ruled appellee had a privacy interest in her name and address not being disclosed which interest was invaded by the officer's unreasonably [sic] and unnecessary disclosure of that information..." After reviewing the trial court's reasons for judgment, we conclude that the trial court's judgment was not based on the breach of a duty created by the Public Records Law in favor of the appellee.
This portion of the assignment of error is without merit.

RIGHT OF PRIVACY
The City also asserts the trial court committed error by finding that it invaded the appellee's privacy.
In Batts, 479 So.2d at 536-537, the right of privacy is discussed as follows:
Louisiana recognizes a right of privacy. Violation of this right by others is *304 actionable under La.C.C. art. 2315 as a breach of duty, or fault. Jaubert [v. Crowley Post Signal, Inc.], 375 So.2d 1386 [(La.1979)]. Where the privacy interest exist, the duty not to violate that interest may be breached even though the violation is not untrue or defamatory. There are certain areas where the individual simply has the right to be let alone and violation of that right by other members of society is an actionable tort. Jaubert, 375 So.2d 1386, 1389.
In Jaubert the Louisiana Supreme Court identified four different interests which the right of privacy embraces and the methods in which these interests may be invaded which would result in an actionable tort. These privacy interests and the method of invasion must be considered in reference to this case.
1) Appropriation of an individual's name or likeness for use or benefit of the defendant. It was specifically pointed out that while the use or benefit of the name or likeness does not necessarily have to be commercial or pecuniary, where a person's name or likeness is used in a newspaper which is published for sale this does not constitute use or benefit on the part of the publisher. Consequently, the printing of the plaintiff's name in this case does not constitute its appropriation for the use and benefit of the defendant.
2) Unreasonable intrusion upon plaintiff's physical solitude or seclusion. This requires that the activity intruded upon be private. Here the activity was a crime committed in a public place. Anyone was free to be present at the laundromat and if present could have witnessed the occurrence and identified the participants. If the same event had occurred in plaintiff's home the privacy right might be present, but here it is not.
3) Publicity which places a plaintiff in a false light. This requires that the publicity contain either falsity or fiction, neither of which is present here.
4) Unreasonable public disclosure of embarrassing private facts. Even if the commission of the crime were considered a private fact, which is highly questionable, the Supreme Court, quoting from Prosser, Law of Torts, 811, notes that `[i]t seems to be generally agreed that anything visible in a public place can be recorded and given circulation by means of a photograph, to the same extent as by a written description, since this amounts to nothing more than giving publicity to what is already public and what anyone present would be free to see.' Jaubert, 375 So.2d 1386.
One type of invasion of the right to privacy occurs when the defendant unreasonably intrudes upon the plaintiff's physical solitude or seclusion. The reasonableness of the defendant's conduct is determined by balancing the conflicting interests at stake; the plaintiff's interest in protecting his privacy from serious invasions, and the defendant's interest in pursuing his course of conduct. In the present case, however, plaintiff had little, if any, right to privacy since the crime occurred in a public place, and the same information could have been obtained from a person legitimately located at the same place who happened to see the incident and could identify the plaintiff.
Any minimal right to privacy that plaintiff might have in this case is outweighed by the defendant's interest in publicizing this information. At trial, Officer Wesley stated the purpose of such disclosure as follows:
Well, I suppose probably the most important benefit to the police department is that if it appears in the afternoon paper, someone reads it and has information concerning the suspect in the crimeas happens many timesthey call either a crime stoppers or a detective office. We get that information quickly and we can take whatever actions necessary.
Defendant's disclosure of the information on plaintiff's attack was not unreasonable.
This portion of the assignment of error has merit.

*305 DECREE
For the foregoing reasons, the judgment of the trial court against the City is reversed, and judgment is rendered in favor of the City dismissing Batts' claim against it with prejudice. Batts is cast for all costs
REVERSED AND RENDERED.
NOTES
[1] Although this court affirmed the dismissal of the suit against the newspaper, we stated that we made "no determination of the duty of the police to release any information with reference to any crime regardless of where it occurred." Batts, 479 So.2d at 537, n. 2.