DUFRESNE, Judge.
Plaintiff, William C. Campbell (Campbell) appeals the trial court’s decision granting the defendant, Jefferson Guaranty Bank’s (JGB) motion for summary judgment.
The facts leading up to this lawsuit center around the bankruptcy for Kenneth J. La-grue, who filed Chapter 7 Bankruptcy in 1976. This bankruptcy had been closed for several years but was reopened in April, 1985, and it is this reopening which forms the basis of this lawsuit.
In 1970, Campbell, other defendants, who are not parties to this appeal; namely, Eldon McGoey, Gerald Martinez as well as 18 other individuals formed a corporation, Slidell Mobile Home Park, Inc., to purchase a parcel of land in St. Tammany Parish, Louisiana.
One of the original investors was Kenneth J. Lagrue (Lagrue), who sold his 107 shares of corporate stock to Campbell in July, 1976. This transaction between Campbell and La-grue eventually became the basis for a suit in Bankruptcy Court and that suit became the basis of this appeal.
Lagrue filed for Chapter 7 Bankruptcy in 1976, but he was discharged and the bankruptcy ease was closed.
Subsequently, Slidell Mobile Home Park, Inc. was liquidated and McGoey became the liquidator. The corporation’s land was sold and McGoey was to administer the distribution of the installment payments to the shareholders.
Once the money became available for distribution, McGoey and his attorney, Martinez, took the position that the stock Campbell purchased from Lagrue had not been “officially” transferred on the books of the corporation and thus belonged to Lagrue. At this point McGoey and/or Martinez contacted the Bankruptcy Court and informed it that the discharged Lagrue had an asset in the form of Slidell Mobile Home Park, Inc. stock.
According to the affidavit of Emile Turner, Esq., he was contacted by Judge T.H. Kings-mill, Jr., United States Bankruptcy Court for the Eastern District of Louisiana, to investigate the possible omission of an asset in the Lagrue bankruptcy proceeding.
Mr. Turner contacted the attorney of record for JGB, since it had been a creditor of Lagrue and the bankruptcy rules require a creditor file an application to reopen the bankruptcy proceedings.
Shortly thereafter, Mr. Turner prepared an “Application by Creditor to Reopen Estate”, which was filed by the attorney for JGB. An order reopening the Lagrue bankruptcy was signed by Judge Kmgsmill on April 29, 1985.
In June, 1988, Campbell filed a complaint in the re-opened Lagrue bankruptcy, claiming ownership of those shares of Slidell Mobile Home Park, Inc. stock, originally transferred in July 1976, but which were still allegedly registered in the name of Lagrue.
After trial a judgment was rendered recognizing Campbell as the owner of the disputed shares of stock, but not before he paid administrative fees from the funds due him.
Campbell contends that JGB would not have begun the reopening of the Lagrue bankruptcy had it made an effort to verify the facts before allowing Mr. Turner to prepare the application to reopen. Campbell filed this lawsuit seeking damages from JGB, (as well as McGoey and Martinez) because it filed an unfounded complaint in the Bankruptcy Court which was intended to cause Campbell to lose lawfully owned shares of stock.
The lawsuit has been characterized by JGB as a malicious prosecution action, which Campbell asserts as meeting its definition. Our Supreme Court in Robinson v. Goudchaux’s, 307 So.2d 287 (1975) set forth six necessary elements governing a cause of action for malicious prosecution:
1. The commencement or continuance of an original criminal or civil proceeding;
2. Its legal causation by the present defendant against plaintiff who was a defendant in the original proceeding;
*265 3. Its bona fide termination in favor of the present plaintiff;
4. The absence of probable cause for such a proceeding;
5. the presence of malice therein; and
6. Damage conforming to legal standards resulting to plaintiff.
Campbell argues that the major or central question in this case is, “How did a Bankruptcy Court Case, which had been closed for over 6 years come to be reopened?” In this appeal we are concerned with JGB’s involvement in the bankruptcy reopening.
Campbell argues that through Mir. Turner’s affidavit, he admits that he, not JGB prepared the offending complaint. JGB allegedly received the complaint prepared by Mr. Turner and signed it without proper and dutiful investigation. JGB had a duty to investigate before it filed suit. Hibernia Nat. Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980).
Although Campbell opposed JGB’s motion for summary judgment with an affidavit, exhibits and memorandum in opposition, the trial court granted the motion because of the “uncontradicted” affidavit of Mr. Turner, stating he requested JGB to file the Bankruptcy complaint reopening the Lagrue bankruptcy.
The Louisiana Courts have strict criteria for summary judgment because granting it deprives a party of his right to a trial, in other words, his day in court where he can be heard and as in this ease, seek redress for an alleged wrongful act. There must not be any genuine issue of material fact which will allow the trial court the opportunity to decide an issue on the basis of the law applicable to the undisputed facts.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. LSA-C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). Summary procedure should be used cautiously and sparingly; and any reasonable doubt should be resolved against mover in favor of full trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co. 427 So.2d 1152 (La.1983). The burden is on the mover to show there is no issue of material fact and this is a difficult burden.
We do not agree with the decision reached by the trial court.
The mere absence of opposing affidavits does not insure the granting of a motion for summary judgment, if the requirements of LSA-C.C.P. art. 966 are not properly satisfied.
We find the issues between Campbell and JGB are ones that should not be resolved by a sole affidavit. Campbell asserts JGB acted recklessly and without consideration of his rights. JGB claims it only did what Mr. Turner asked it to do. These two positions create questions of unanswered material facts, thus summary judgment is not suitable to this case as a matter of law.
Accordingly, the trial court’s judgment granting JGB’s Motion for Summary Judgment is reversed and the case is remanded.

REVERSED AND REMANDED.