683 So.2d 726 (1996)
James A. ZELLINGER, Plaintiff-Appellant,
v.
AMALGAMATED CLOTHING, et al., Defendants-Appellees.
No. 28,127-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
Opinion on Limited Grant of Rehearing June 26, 1996.
*729 Madeleine Slaughter, James A. Zellinger, in pro. per.
Robein, Urann & Lurye by Louis L. Robein, Jr., Metairie, Andrea F. Hoeschen, Jefferson, for Appellees.
Before SEXTON, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
The plaintiff, James Zellinger, filed a defamation action against Amalgamated Clothing Textile Workers Union, Inc. (ACTWU), Joan Suarez, the Regional Manager of the union, and Mike Hoagland, a member of the union. The defendants subsequently filed a motion for summary judgment. The trial court, finding no genuine issue of material fact, held that the publications made by members of the union were privileged communications, and thus the parties who made them were protected from liability. The plaintiff now appeals the decision of the trial court. For the reasons assigned, we affirm.

FACTS
This cause of action is the result of a heated labor dispute in Monroe, Louisiana, between Amalgamated Clothing Textile Workers Union, Inc. (ACTWU) and Nouri Hakim, the owner of Monroe Manufacturing Inc., Contract Manufacturing, Inc., Embroideries, Inc., and Packaging Techniques, Inc. James Zellinger, an attorney not licensed to practice law in Louisiana, accepted employment as an attorney with the businesses owned by Hakim and was at the forefront of the labor dispute as Hakim's representative.
Although Zellinger passed the Louisiana State Bar Examination after a number of attempts, the Committee on Bar Admissions has denied his admission because he has failed to meet the good moral character requirements for admission to the bar. Zellinger has appealed that determination to the Louisiana Supreme Court and is still awaiting a decision.
Once ACTWU members discovered that Zellinger was not licensed to practice law in this state, they included that information in several of its flyers and disseminated them. One of the flyers directed to Louisiana lawyers stated:
"MESSAGE: James Zellinger has failed to pass the Louisiana bar. Jimmy is a permanent resident of Monroe. Jimmy has three law offices in Monroe and has over 100 clients according to his testimony in court. Jimmy has used a letterhead which advertises that he is an attorney and appears in city state and Federal court [sic] on a regular basis.
Mr. Zellinger has filed pro hac vice motions as an out of state lawyer, even though he has a permanent residence here in Monroe. Several complaints have been filed with the bar association and the bar admissions office about Jimmy.
Jimmy appears in city court as assist. secretary of many of the companies he represents.
Is Jimmy practicing law without a license in Monroe? If you have any pertinent information on the above that can help resolve the situation, we would sure appreciate a call or fax from you."
Additionally, Mike Hoagland, a member of ACTWU, wrote a letter to John Gomilia, Chairman of the Board of Bar Admissions, stating the following:
"I am writing you in regards to the attached case and ruling. I met with Tommy Hearns who is representing Newhaven Operating Co. It appears that Mr. Zellinger has solicted [sic] outside clients in addition to his employer, Contract Mfg. Mr. Hearns conveyed to me that he is currently representing several clients where the opposing lawyer is James Zellinger.
Although I am not a lawyer, I believe that Judge Joyce did address the issue of Mr. Zellingers [sic] status of appearing pro hac vice as being improper. Mr. Zellinger is currently appearing pro hac vice in a number of cases.
Mr. Zellinger currently has a residence in Monroe and all out of town law offices that he claims to have appear to be bogus.
I hope these documents explain my concern to Mr. Zellinger [sic] being admitted to the Louisiana bar."
*730 Other members also notified the Louisiana State Bar Association (LSBA) that they believed the appellant was engaged in the unauthorized practice of law. Additionally, one of the members of the ACTWU, with a pending EEOC claim, notified the LSBA that Zellinger interrogated her outside of the presence of her attorney.
Zellinger filed suit in the Fourth Judicial District Court seeking damages and injunctive relief alleging defamation as a cause of action. Appellant also filed an amended petition in the trial court claiming that he was also harassed, stalked, and became the subject of a malicious prosecution by ACTWU. ACTWU filed an exception of no cause of action as to the appellant's request for injunctive relief. The court granted the exception and held that speech is generally not subject to injunction absent a clear showing of eminent threat of bodily harm. The court concluded that the appellant had failed to make such a showing.
ACTWU's motion for summary judgment was also granted. The trial court concluded that there was no defamation per se and that most of the documents were subject to a qualified privilege because the union had an interest or duty in communicating the information to the LSBA and its members. Zellinger now appeals the trial court's determination.

DISCUSSION
In the appellant's first assignment of error, he contends that the trial court erred when it granted the defendants' motion for summary judgment.
A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. The decision is made on the basis of the pleadings, affidavits and discovery documents in the record. Id.; Sassone v. Elder, 626 So.2d 345 (La.1993).
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
In cases affecting the exercise of First Amendment liberties, proper summary judgment practice is essential. Summary adjudication may be thought of as a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the free exercise of rights of speech and press. Joyner v. Wear, 27,631 (La.App. 2d Cir. 12/6/95), 665 So.2d 634, citing Mashburn v. Collin, 355 So.2d 879 (La. 1977). Thus, in order to survive a motion for summary judgment, a defamation plaintiff must produce evidence of sufficient quality and quantity to demonstrate that he likely will be able to meet his burden of proof at trial. Without such evidence, there is no genuine issue of material fact, and summary judgment should be granted. Sassone v. Elder, supra.
In order to prevail in a case of defamation under the Louisiana law, the plaintiff must prove five elements: (1) defamatory words; (2) publication; (3) falsity; (4) malice; and (5) resultant injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980); Martin v. Lincoln General Hosp., 588 So.2d 1329 (La.App. 2d Cir.1991), writ denied, 592 So.2d 1302 (La. 1992); Roberts v. Louisiana Bank & Trust Co., 550 So.2d 809 (La.App. 2d Cir.1989), writ denied, 552 So.2d 398 (La.1989). Upon a plaintiff's failure to demonstrate even one of these elements, the cause of action fails. Roberts v. Louisiana Bank & Trust Co., supra.
Liability for defamation does not attach from privileged publications or communication. Martin v. Lincoln General Hosp., supra; Toomer v. Breaux, 146 So.2d 723 (La.App. 3d Cir.1962), writ denied. Such a privilege arises from the social necessity of permitting free and unrestricted communication concerning matters in which the parties have a common duty or interest, and acts to protect good faith communicators from liability if the statement later turns out to be inaccurate. Martin v. Lincoln General Hosp., supra; Henderson v. Guillory, 546 *731 So.2d 244 (La.App. 2d Cir.1989), writ denied, 551 So.2d 635 (La.1989); Ward v. Sears, Roebuck & Co., 339 So.2d 1255 (La.App. 1st Cir.1976).
Good faith is one of the essential elements of a conditional privilege. Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958). In this context, good faith means a statement made with reasonable grounds for believing it to be true. Only when a statement is made without reasonable grounds for believing its truth can the author be said to have been actuated by malice or ill will. Elmer v. Coplin, 485 So.2d 171 (La.App. 2d Cir.1986), writ denied, 489 So.2d 246 (La.1986).
In light of the foregoing jurisprudence, we find that the defendants are protected from liability arising out of their communications. Although the parties were involved in a heated labor dispute, and it is apparent from a review of the record that this was an acrimonious situation, there is no indication that ACTWU members acted without reasonable grounds for believing that the plaintiff was engaged in the unauthorized practice of law. It was a matter of common knowledge in Monroe and a matter of public record that the plaintiff had not passed this state's bar examination, but was acting in a capacity that could easily have been interpreted as practicing law without a license.
The courts of this state have long recognized the social interests of obtaining unhampered, full information concerning an applicant for admission to the bar and the importance of the requirement of high moral character, honesty, and integrity of candidates for admission to the bar. Freedom of action in that regard must not be restricted by the danger or fear of defamation suits. See Elmer v. Coplin, 485 So.2d 171 (La.App. 2d Cir.1986); Toomer v. Breaux, supra. Thus, the plaintiff's claims on this issue have no merit.
Next, plaintiff submits that because the members of ACTWU threatened to prosecute or institute criminal proceedings against the defendant for practicing law without a license, this was malicious prosecution. We disagree.
An action for malicious prosecution requires: 1) commencement or continuance of an original criminal or civil judicial proceeding; 2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; 3) its bona fide termination in favor of the present plaintiff; 4) the absence of probable cause for such a proceeding; 5) the presence of malice therein; and, 6) damage conforming to legal standards resulting to plaintiff. Taylor v. Town of Arcadia, 519 So.2d 303 (La.App. 2d Cir.1988); Johnson v. Pearce, 313 So.2d 812 (La.1975); Jones v. Wesley, 424 So.2d 1109 (La.App. 1st Cir.1982).
The facts of the instant case preclude the conclusion that the members of ACTWU maliciously prosecuted the plaintiff. First, the record indicates that the LSBA proceedings against the plaintiff are still pending and have not been terminated in his favor. Moreover, the record does not support the conclusion that defendants acted with malice. One is not guilty of malice for inaccurately reporting criminal conduct when there is no intent to mislead. Taylor v. Town of Arcadia, supra. Thus, the plaintiff's claims on this issue must also fail.
Additionally, plaintiff complains that the trial judge conducted an ex parte conference with opposing counsel without the presence of the plaintiff. However, plaintiff failed to lodge a contemporaneous objection to the alleged meeting at the trial court. Failure to object constitutes a waiver of the right to complain on appeal. Martinez, et al v. Schumpert Medical Ctr., et al, 27,000 (La. App. 2d Cir. 5/10/95), 655 So.2d 649.
Finally, we decline to address the merits of plaintiff's remaining assignments of error, in which he seeks recovery for intentional interference with contractual relations and for the intentional infliction of emotional distress, as both issues are subsumed by our holding on the defamation claim.

DECREE
For the reasons articulated herein, we affirm the decision of the trial court granting *732 the defendants' motion for summary judgment. Costs are assessed to the appellant.
AFFIRMED.
Before SEXTON, HIGHTOWER, BROWN, STEWART and CARAWAY, JJ.

ON REHEARING
HIGHTOWER, Judge
On plaintiff's application, we granted a partial rehearing limited to whether the trial judge wrongly granted summary judgment dismissing the invasion of privacy/harassment claim averred in the amended petition. Having failed to address this issue in the original opinion and, upon further review, finding that the district court erred in that respect, we reverse that portion of the judgment and remand. Excepting this and costs, our initial decision stands.
The right to privacy has been variously defined in the Louisiana jurisprudence as "the right to be let alone" and "the right to an `inviolate personality.'" Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386, 1388 (La.1979), and authorities therein. Explained another way, an individual has a secret sphere of life from which he may exclude third persons. Easter Seal Soc'y For Crippled Children & Adults of La., Inc. v. Playboy Enter., Inc., 530 So.2d 643, 646 (La.App. 4th Cir.1988), writ denied, 532 So.2d 1390 (La.1988). And, one form of invasion of that privacy right occurs when a defendant unreasonably intrudes upon the plaintiff's physical solitude or seclusion. Jaubert, supra; Hines v. Arkansas Louisiana Gas Co., 613 So.2d 646 (La.App. 2d Cir.1993), writ denied, 617 So.2d 932 (La.1993); Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012 (La.App. 2d Cir.1987), writ denied, 512 So.2d 1183 (La.1987). More directly, where one member of society thus infringes upon another's right to be let alone, it constitutes a breach of duty, or fault, and may be actionable under La.C.C. Art. 2315. Jaubert, supra.
Although an actionable invasion of privacy transpires only when the defendant's conduct is unreasonable and seriously interferes with the plaintiff's privacy interest, malicious intent is not necessary. Jaubert, supra; Muslow, supra. So too, the reasonableness of the invasive conduct is determined by balancing the conflicting interests at stake, viz., the plaintiff's interest in protecting his privacy from serious invasions and the defendant's interest in pursuing his course of conduct. Id.; Batts v. City of Baton Rouge, 501 So.2d 302 (La.App. 1st Cir.1986), writ denied, 503 So.2d 482 (La. 1987).
The legal principles regarding summary judgment, of course, are well settled. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966; American Bank v. Saxena, 553 So.2d 836 (La.1989); Hartford Accident & Indem. Co. v. Joe Dean Contractors, Inc., 584 So.2d 1226 (La.App. 2d Cir.1991). The burden of proof is on the mover to establish that there are no genuine issues of material fact; only when reasonable minds must inevitably concur is summary judgment warranted. Id. Indeed, the mover's pleadings, affidavits, and documents should be closely scrutinized while those of the opponent are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Hartford, supra. Differently put, the party defending against the motion for summary judgment will have his properly filed allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342 (La.1991).
In the present case, Zellinger's amended petition of June 13, 1995 asserted the following:
On or about April 27th at approximately 3 a.m. defendant, ACTWU, through it's [sic] agent(s), contacted petitioner at his residence by telephone for the sole purpose of harassing and annoying petitioner. Said harassment has previously occurred on a number of occasions and has been repeated subsequently by numerous telephone *733 calls made by defendant ACTWU and/or it's [sic] agents(s) to petitioner.
Plaintiff further alleged that messages left on his answering machine contained language similar to that placed in ACTWU's flyers and, thus, constituted additional evidence of the harassing nature of the telephone calls to his residence. In response, by way of answer, defendants denied these allegations and stated that ACTWU representative, Mike Hoagland, called petitioner only at the suggestion of the Louisiana State Bar Association in an effort to obtain his Bar Roll number. In support of their summary judgment motion, appellees briefed the pertinent law while maintaining that the amended petition did not set forth facts giving rise to an unreasonable invasion of privacy.
As recognized by our courts, invasions upon a person's physical solitude or seclusion are actionable if conducted in an illegal manner. See Love v. Southern Bell Tel. and Telegraph Co., 263 So.2d 460 (La. App. 1st Cir.1972), writ denied, 262 La. 1117, 266 So.2d 429 (1972). Hence, if it can be shown at trial that defendants made the telephone calls to appellant's residence in the manner and at the early morning hour alleged, such conduct would constitute illegal (see La.R.S. 14:285) and unwarranted infringements of Zellinger's right to privacy, giving rise to a tort under La.C.C. Art. 2315. Furthermore, by merely denying these claims and seemingly asserting that only one such communication had been directed at plaintiff, defendants have plainly created questions of material fact, including whether they acted reasonably in telephoning Zellinger or otherwise engaged in the alleged activities. Very importantly, the simple absence of opposing affidavits does not insure the granting of a motion for summary judgment, if the requirements of La.C.C.P. Art. 966 are not properly satisfied. Campbell v. Jefferson Guar. Bank, Inc., 628 So.2d 263 (La.App. 5th Cir.1993).
Accordingly, inasmuch as material issues of fact exist in the present case, we find that the trial judge erred in granting ACTWU's summary judgment and dismissing plaintiff's asserted cause of action for invasion of privacy. Thus, the district court decree as to that issue is reversed, and the case is remanded for further appropriate proceedings. In all other aspects, our original opinion stands, except that we now assess costs equally between the parties.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STEWART, J., dissents with reasons.
BROWN, J., dissents with reasons to be assigned by STEWART, J.
STEWART, Judge, dissenting.
Although I agree with the majority that invasion of privacy may be defined as an unreasonable intrusion upon the physical solitude or seclusion of plaintiff, I do not agree that the district court erred in granting summary judgment dismissing the invasion of privacy and harassment claim. See Jaubert v. Crowley Post-Signal, Inc., 375 So.2d 1386 (La.1979); Hines v. Arkansas Louisiana Gas Co., 613 So.2d 646 (La.App. 2d Cir.1993), writ denied, 617 So.2d 932 (La.1993).
Plaintiff's amended petition avers that, specifically, on "April 27th at approximately 3 a.m. defendant, ACTWU, through it's [sic] agents(s), contacted petitioner at his residence by telephone" in order to harass and annoy petitioner and that such harassment had occurred on numerous occasions both previous and subsequent to the incident alleged. See plaintiff's amended petition of June 13, 1995. The audiotapes and transcripts, which plaintiff contends will support his claim of invasion of privacy and harassment and on which the majority relies in reversing the trial court, were not admitted into evidence at hearing on the motion for summary judgment and, consequently, are not properly before this court for consideration.[1]
A motion for summary judgment shall be granted when the pleadings, affidavits, admissions, *734 and answers to interrogatories in the record establish that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966.
This court has previously held that invasion of privacy may be established only by proof that defendant's conduct is so unreasonable that it seriously interferes with plaintiff's privacy interest. Smith v. Arkansas Louisiana Gas Co., 645 So.2d 785 (La.App. 2d Cir.1994). To determine the reasonableness of the invasive conduct, the plaintiff's interest in protecting his privacy is balanced from serious invasions against the defendant's interest in pursuing his course of action. Jaubert, supra; Muslow v. A.G. Edwards & Sons, Inc., 509 So.2d 1012 (La.App. 2d Cir.1987), writ denied, 512 So.2d 1183 (La.1987); Batts v. City of Baton Rouge, 501 So.2d 302 (La.App. 1st Cir.1986), writ denied, 503 So.2d 482 (La.1987).
Considering the pleadings, affidavits, and other offerings admitted into evidence at the hearing on the motion for summary judgment, no genuine issue of material fact exists regarding the invasion of privacy and harassment claim. The amended petition does not establish conduct so unreasonable by defendant that plaintiff's privacy has been seriously invaded, especially in light of defendant's interest in obtaining information regarding plaintiff's status with the Louisiana State Bar Association. The trial court properly granted the motion for summary judgment dismissing plaintiff's claim for invasion of privacy and harassment.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] See pages 29 and 30 of the transcript of the hearing wherein the trial court, pursuant to Rule XVII(B) of the local rules for the Fourth Judicial District Court, did not admit petitioner's offering into evidence.