Matthew Jay MURPHREE,
Plaintiff–Appellant,

v.

US BANK OF UTAH, N.A., and Julie
Reynolds, Defendants–Appellees.

No. 01–4106.

United States Court of Appeals,
Tenth Circuit.

June 19, 2002.

Bel–Ami de Montreux of Montreux Freres, P.C., Salt Lake City, Utah, for Plaintiff–Appellant.

H. Michael Drake and Bret S. Hayman of Suitter Axland, Salt Lake City, Utah, for Defendants–Appellees.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f). The case is therefore submitted without oral argument.

Appellant challenges the United States District Court for the District of Utah's grant of summary judgment on his slander, malicious prosecution, false imprisonment, and intentional infliction of emotional distress claims. We review the district court's grant of summary judgment *de novo,* viewing "the evidence and draw[ing] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir.1999) (quotations omitted).

Appellant attempted to open a bank account with Defendant U.S. Bank of Utah. While completing the paperwork, Appellant tendered a paycheck for deposit. Defendant Reynolds, a bank employee, attempted to verify employment information Appellant provided in the application. During this process, the employee became concerned that Appellant was giving fraudulent information in order to cash the check. She contacted the police and reported that a potential forgery was taking place.

In response to the bank employee's phone call, police officers arrived at the bank to interview Appellant. During a pat-down search, police discovered a marijuana pipe in Appellant's possession. Following the discovery of the pipe, a police officer handcuffed Appellant and continued to investigate the potential forgery. Eventually the officer determined that there was no basis for a forgery charge and released Appellant. Appellant claims that upon leaving the bank he vomited due to the stress caused by being handcuffed and interviewed in front of a large number of onlookers. Police never arrested or initiated any type of prosecution against Appellant based on the forgery allegations.

Appellant brought claims of slander per se, malicious prosecution, failure to supervise, false imprisonment, and intentional infliction of emotional distress against the bank and its employee. Defendants moved for summary judgment. The district court granted Defendants' Motion for Summary Judgment on all of Plaintiff's claims declaring, "Defendants' Motion for Summary Judgment is granted for the reasons and upon the grounds set forth by defendants in their memoranda and arguments." Aplt.App. at 9. Appellant challenges the district court's grant of summary judgment on the slander, malicious prosecution, false imprisonment, and intentional infliction of emotional distress claims.

In its abbreviated April, 19, 2001, Order, the district court incorporated Defendants' arguments as the basis for granting them summary judgment. Our *de novo* review

of Appellant's claims thus requires a review of Defendants' memoranda in the district court to determine whether the district court correctly granted summary judgment.

In support of his slander claim, Appellant argues that a false allegation of criminal conduct standing alone is sufficient to constitute slander per se. As such, Appellant is not required to show any special damages because such damages are presumed under Utah law. Defendants assert that "alleged slander per se must relate to the plaintiff's professional reputation, *not his personal reputation.*" Aple. Addend. at 8 (emphasis in original). Defendants cite *Allred v. Cook,* 590 P.2d 318, 321–22 (Utah 1979), for this proposition. Because Appellant's professional reputation was not implicated, Defendants maintain that Appellant's slander per se claim must fail as a matter of law.

■ Defamatory words falling into any one of four categories are considered slander per se pursuant to Utah law. Those categories are "(1) charge of criminal conduct, (2) charge of a loathsome disease, (3) charge of conduct that is incompatible with the exercise of a lawful business, trade, profession, or office; and (4) charge of the unchastity of a woman." *Allred,* 590 P.2d at 320. Appellant argues that the alleged defamatory comments fall into the first category—charge of criminal conduct.

■ Defendants' argument that Appellant's slander claim must fail because his professional reputation was not affected misinterprets Utah law. *Allred* did not involve charges of criminal conduct. Instead, the alleged slander per se was of the third category—charge of conduct incompatible with the exercise of a lawful business, trade, profession, or office. To meet the requirements of the third category, it is logical that the alleged slander must damage the plaintiff's professional reputation.

■ However, we could find no support in Utah law for grafting the additional requirement of a damaged professional reputation to a statement alleging criminal conduct (or loathsome disease or unchastity of a woman). As the Utah Supreme Court noted, "If one publishes a statement characterizing another as a thief, the statement is libelous per se." *Western States Title Ins. Co. v. Warnock,* 18 Utah 2d 70, 415 P.2d 316, 318 (Utah 1966). Thus, the district court's grant of summary judgment on Appellant's slander claim cannot be upheld on this basis.

■ However, an individual reporting suspected criminal conduct to police authorities is entitled to qualified immunity for erroneous statements made to police officials. While we were unable to locate a Utah case directly on point, this qualified immunity is well established in both federal and state courts across the country. *See, e.g., Boyd v. Nationwide Mut. Ins. Co.,* 208 F.3d 406, 410 (2d Cir.2000); *Ransom v. Baltimore County,* 111 F.Supp.2d 704, 711–712 (D.Md.2000); *Devis v. Bank of America,* 65 Cal.App.4th 1002, 77 Cal. Rptr.2d 238, 244–45 (Cal.Ct.App.1998); *Columbia First Bank v. Ferguson,* 665 A.2d 650, 655 (D.C.1995); *Brown v. Scott,* 151 Ga.App. 366, 259 S.E.2d 642, 644 (Ga. Ct.App.1979); *Jones v. Wesley,* 424 So.2d 1109, 1111 (La.Ct.App.1982); *Hutchinson v. New England Tel. & Telegraph Co.,* 350 Mass. 188, 214 N.E.2d 57, 59 (Mass.1966); *Geyer v. Faiella,* 279 N.J.Super. 386, 652 A.2d 1245, 1247–48 (N.J.Super.Ct.App.Div.1995); *Colon v. Wal–Mart Stores, Inc.,* 182 Misc.2d 921, 703 N.Y.S.2d 863, 866 (N.Y.Sup.Ct.1999); *Pate v. Service Merch. Co., Inc.,* 959 S.W.2d 569, 575–78 (Tenn.Ct.App.1996); *Otten v. Schutt,* 15 Wis.2d 497, 113 N.W.2d 152, 153–54 (Wis. 1962).

■ The immunity afforded a citizen reporting suspected criminal conduct to the

police is qualified. Once a defendant raises this immunity, the burden shifts to the plaintiff to show that the defendant's report of conduct was the product of malice or ill will. *See, e.g., Zakas v. Mills,* 148 Ga.App. 220, 251 S.E.2d 135, 136 (Ga.Ct. App.1978).

A review of the record fails to indicate whether the district court considered the issue of qualified immunity. Accordingly, we remand Appellant's slander claim to the district court to address the issue of qualified immunity. The district court first must determine whether qualified immunity should apply in this case. If the district court determines that qualified immunity is implicated, Appellant must then present some evidence of malice on the part of the bank or its employee in contacting the police regarding Appellant's conduct to avoid summary judgment.

Defendants' briefing in support of their Motion for Summary Judgment sets forth several alternative grounds justifying the district court's grant of summary judgment on Appellant's malicious prosecution, false imprisonment, and intentional infliction of emotional distress claims. After a thorough review of the parties' briefs and the record on appeal, we agree that the district court correctly granted summary judgment on these three claims for substantially the same reasons stated in Defendants' memoranda to the district court.

Accordingly, we reverse and remand Appellant's slander claim to the district court. We affirm the district court's order in all other respects.

AFFIRMED in part, REVERSED and REMANDED in part.